**NUECES CANYON CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**CENTRAL EDUCATION AGENCY and Rocksprings Independent School District, Appellees.**

No. 03-94-00322-CV.

Court of Appeals of Texas, Austin.

May 24, 1995.

Rehearing Overruled July 12, 1995.

William C. Bednar, Jr., Eskew, Muir & Bednar, Austin, for appellant.

George Warner, Asst. Atty. Gen., Gen. Counsel Div., Judy Underwood, Eric W. Schulze, Walsh, Anderson, Underwood, Schulze & Aldridge, Austin, for appellees.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

The Edwards County Commissioners Court ordered a territory of 15,943 acres (approximately 25 square miles) detached from Nueces Canyon Independent School District and annexed to Rocksprings Independent School District. *See* Act of May 6, 1983, 68th Leg., R.S., ch. 285, § 1, 1983 Tex.Gen.Laws 1380, 1386–87 (Tex.Educ.Code Ann. § 19.022, since amended). Nueces Canyon appealed to the Commissioner of Education, who upheld the decision of the commissioners court. Nueces Canyon then sought judicial review of the Commissioner's decision. The district court affirmed. We will affirm the trial court's judgment.

## BACKGROUND

The territory in question borders on the Nueces Canyon and Rocksprings school districts. Three families with four school-age children live on 361 acres of this territory; the remainder is uninhabited ranch land. The territory's assessed value represents 1.5% of Nueces Canyon's tax base and 1.2% of Rocksprings' tax base.

Parents of three of the four children petitioned Edwards County for the territory's detachment from Nueces Canyon and its annexation to Rocksprings. After the commissioners court approved the petition in December 1985, Nueces Canyon appealed to the Commissioner of Education, claiming that the size of the territory transferred was grossly disproportionate to the number of children living in the area. *See* Tex.Educ. Code Ann. § 11.13(a) (West 1991)[1] (authoriz-

---

1. Section 19.022 of the Education Code was amended in 1987 to provide expressly for review by the Commissioner of Education of a board of trustees decision detaching and annexing territory. Tex.Educ.Code Ann. § 19.022(i) (West 1991).

However, the provision applies only to a boundary change initiated after June 1, 1987. Act of May 26, 1987, 70th Leg., R.S., ch. 795, § 8, 1987 Tex.Gen.Laws 2784, 2786.

ing appeals to Commissioner of Education); *Central Educ. Agency v. Upshur County Comm'rs Court,* 731 S.W.2d 559, 561–62 (Tex.1987). Because Nueces Canyon failed to raise the excess territory issue in the hearing before the commissioners court, however, the Commissioner refused to hear evidence on that issue. Nueces Canyon sought judicial review of the Commissioner's decision, including his refusal to consider the excess territory evidence. The district court held that Nueces Canyon's failure to present this issue to the commissioners court did not preclude the Commissioner from hearing the evidence under the "substantial evidence de novo" standard of review. *See* Tex.Educ. Code Ann. § 11.13(a) (West 1991); *Upshur County Comm'rs Court,* 731 S.W.2d at 561–62. The trial court concluded, however, that there was no reversible error because the percentage of the transferred land which was uninhabited and the relationship of the residents to the uninhabited land "are not issues which are of ultimate concern in this case, based on the record as a whole." Nueces Canyon alleges in two points of error that the Commissioner's refusal to consider Nueces Canyon's claim of excess territory was arbitrary, capricious, and an error of law requiring remand to the Commissioner.

## AGENCY RECORD ON APPEAL

■ We do not reach the merits of this appeal because Nueces Canyon failed to timely file a statement of facts. This Court has no jurisdiction to consider a late-filed motion for extension of time to file a statement of facts. Tex.R.App.P. 54(a); *Texas Instruments, Inc. v. Teletron Energy Management, Inc.,* 877 S.W.2d 276, 278 (Tex. 1994); *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860, 862 (Tex.1982). Without a timely filed statement of facts, Nueces Canyon as appellant had not presented this Court with the agency record. Realizing that it had no statement of facts or agency record before us, Nueces Canyon attempted to bring forward the agency record by filing a motion to supplement the transcript. This Court overruled that motion, relying on our earlier decisions that a statement of facts (1) is required to reflect that the agency record was admitted into evidence by the district court as an exhibit; and (2) is the exclusive method of transmitting the administrative record to the trial court. *See* Administrative Procedure Act ("APA"), Tex.Gov't Code Ann. § 2001.175(d) (West 1995); *Everett v. Texas Educ. Agency,* 860 S.W.2d 700 (Tex.App.— Austin 1993, no writ); *Commerce Indep. Sch. Dist. v. Texas Educ. Agency,* 859 S.W.2d 627 (Tex.App.—Austin 1993, writ dism'd). *But cf. Office of Pub. Util. Counsel v. Public Util. Comm'n,* 859 S.W.2d 71 (Tex.App.—Austin 1993), *rev'd,* 878 S.W.2d 598 (Tex.1994) (resolution of some issues on appeal may not necessarily require a statement of facts).

■ Our statutory interpretation that the APA mandates the use of a statement of facts to transmit the administrative record to the appellate court is not unanimous. *See Commerce Indep. Sch. Dist.,* 859 S.W.2d at 629 (Powers, J., dissenting). Furthermore, the supreme court has cast some doubt on the logic of our interpretation by holding that a statement of facts is not the exclusive means of transmitting the final agency *order* to the court of appeals in some instances and for some purposes. *See Office of Pub. Util. Counsel,* 878 S.W.2d at 600. In that case the supreme court noted that some legal challenges to the agency order may not require a review of the administrative record contained in the statement of facts:

> While a court of appeals generally cannot determine whether an agency finding is supported by "substantial evidence" without reviewing the administrative record, this does not preclude the court from addressing issues, such as those involving legal error, the determination of which would not require a statement of facts.

*Id.* (citations omitted). The court also held that when a party properly requests it and supplies the necessary information, the court of appeals must take judicial notice of a *published* agency order for the purpose of addressing such legal errors. *Id.* (citing Tex. R.Civ.Evid. 201(b)(2), (d)). Thus, a statement of facts is not required to bring forward a published agency order for this Court to consider alleged legal errors that do not require review of the administrative record.

■ In *Office of Public Utility Counsel,* the supreme court specifically declined to determine whether a statement of facts is required to transmit an *unpublished* agency order to the court of appeals for its review of alleged legal errors. 878 S.W.2d at 600 n. 3. Without specific direction to the contrary, we will hold to the course charted in *Commerce Independent School District* and *Everett, viz.,* that a statement of facts is the exclusive method of transmitting the administrative record and an unpublished agency decision to the appellate court for its review.

The supreme court's holding in *Office of Public Utility Counsel* offers no solution to Nueces Canyon's predicament in this appeal because a statement of facts is necessary to resolve the issues presented. In two points of error, Nueces Canyon complains of the Commissioner's "legal error" in failing to admit evidence that was not presented earlier to the county commissioners. The district court agreed that the Commissioner erred in excluding certain evidence; in the peculiar substantial evidence de novo review performed by the Commissioner, all evidence which could have been admitted before the county officials was admissible before the Commissioner. *See Upshur County Comm'rs Court,* 731 S.W.2d at 561–62. The district court further concluded, however, that the Commissioner's error was not *reversible* error for two reasons. First, the trial court held that "based on the record as a whole," the issues complained of by appellant are not issues which are of ultimate concern in this case. The district court further determined that "[t]here was substantial evidence presented in the hearing below to fairly present the body of evidence which was available at the time of the Commissioners Court hearing."

In light of the district court's determination, "based on the record as a whole," that the complained of legal error is not reversible error because of the "substantial evi-

dence presented in the hearing below," we hold that this appeal does not present purely legal issues that can be resolved without reference to the administrative record. Error will result in reversal on appeal only if the error complained of "was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court." Tex. R.App.P. 81(b)(1). After considering "the record as a whole," the trial court concluded that the Commissioner's error did not prevent Nueces Canyon from making a proper presentation at the hearing below and did not cause rendition of an improper decision. Without a statement of facts and agency record, we cannot review the record as a whole to determine otherwise.

■ Should we be mistaken in holding that the administrative record is necessary to resolve the points of error advanced by Nueces Canyon, and in adhering to our position that a statement of facts is the exclusive method for transmitting that record to this Court for appellate review, we would nevertheless affirm the Commissioner's decision.[2] Although the Commissioner erred in refusing to consider evidence that had not been presented to the commissioners court, we hold that complaints about the excessive amount of uninhabited territory included in the transfer do not present a proper ground for reversing the county's decision. *See Upshur County Comm'rs Court,* 731 S.W.2d at 562 (review "must be solely for the purpose of determining whether there was fraud, bad faith or an abuse of discretion in the decision of the County Commissioners and whether their decision is supported by substantial evidence"). County commissioners are vested with broad discretion to transfer territories between school districts, subject only to minimum statutory requirements. *Id.* at 561; *Prosper Indep. Sch. Dist. v. Central*

---

2. We address these alternative grounds for affirming the Commissioner's decision in view of the extraordinary delay that has infected the appellate review of this decision. The Edwards County Commissioners Court approved this transfer in December 1985. The agency review took over five and a half years. The request for judicial review languished in the district court for more than two years before a hearing was set in February 1994. At this time Nueces Canyon continues to collect the property taxes on the detached territory transferred to Rocksprings almost ten years ago.

Educ. Agency, 798 S.W.2d 661, 665 (Tex. App.—Austin 1990, no writ) (commissioner may not apply to territory transfers requirements not found in section 19.022). If we could take judicial notice of the unpublished agency order,[3] and if Nueces Canyon's complaints could be considered as purely legal issues requiring no review of the administrative record, we would nevertheless resolve all legal questions against Nueces Canyon and affirm the trial-court judgment that affirms the Commissioner's decision.

In the absence of a statement of facts and the administrative record, we overrule Nueces Canyon's two points of error and affirm the trial court's judgment.

POWERS, Justice, dissenting.

Adhering to the conclusions and reasons given in my dissent in *Commerce Independent School District v. Texas Education Agency,* 859 S.W.2d 627, 629 (Tex.App.—Austin 1993, writ dism'd), I respectfully dissent. I would set aside the submission on appeal and order that the clerk of the district court transmit the agency record to this Court for appellate review on resubmission without oral argument. *See* Tex.R.App.P. 51(d) (appellate court on its own initiative may direct clerk of the trial court to send to appellate court any original paper for inspection); Tex.R.App.P. 55(c) (appellate court may set aside submission and make such orders as may be necessary to secure a more satisfactory submission of the case). With the agency record before us, we would be better able to determine the applicability of any alternate legal ground for affirming the Commissioner's order.

---

3. We note that Nueces Canyon did not ask this Court to take judicial notice of the Commissioner's order and did not supply us with the necessary information of a source "whose accuracy cannot reasonably be questioned." *See Office of Pub. Util. Counsel,* 878 S.W.2d at 600 (citing Tex.R.Civ.Evid. 201(b)(2), (d)).