**YSLETA INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Lionel R. MENO, Commissioner of Education, and Texas Education Agency, Appellees.**

No. 03–94–00381–CV.

Court of Appeals of Texas, at Austin.

July 12, 1995.

Rehearing Overruled Aug. 30, 1995.

---

Carmen E. Rodriguez, Rodriguez, Lewis & Collins, P.C., El Paso, for appellant.

Dan Morales, Atty. Gen., Frank J. Knapp, Jr., Asst. Atty. Gen., Administrative Law Section, Austin, for appellee.

Before POWERS, KIDD and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

In September 1990, the Ysleta Independent School District terminated a teacher for immoral conduct. The teacher appealed to the State Commissioner of Education, who determined, after a hearing, that the teacher did not commit conduct that justified termination. When the school district sought judicial review, the district court found the Commissioner's decision supported by substantial evidence, held there were no errors of law, and affirmed the Commissioner's decision. The school district appeals, complaining of the standard of review and other unlawful procedures before the Commissioner. Because the school district did not timely file a statement of facts and the administrative record, we will affirm the trial court's decision.

## BACKGROUND

In September 1990, after hearing testimony and considering the documentary evidence, the board of trustees of the school district approved the superintendent's recommendation to terminate a teacher for improperly touching two female students. *See* Tex.Educ.Code Ann. § 13.112 (West 1991). The teacher filed a petition of review with the Commissioner of Education. *Id.* § 11.13(a). After a May 1991 hearing, the Commissioner granted the teacher's appeal. However, when the school district sought judicial review, the trial court held the order was not final and remanded the case to the Commissioner. In December 1992, the Commissioner issued a final decision, holding that the school district improperly terminated the teacher. The Commissioner found the two students' testimony was not credible and held that the school district violated its own local policy by suspending the teacher immediately without notice and an opportunity for a hearing. The school district again sought judicial review. The district court affirmed the Commissioner's order.

The school district complains that because a full evidentiary hearing was conducted before the board of trustees, the Commissioner erred and exceeded his authority in conducting a de novo review of the local decision. More importantly, the school district com-

plains that the Commissioner substituted his opinion for the school district's in reviewing the credibility of the witnesses appearing before the board of trustees. Finally, the school district urges that the Commissioner erred in considering a procedural irregularity that had not been presented below.

## DISCUSSION

■ We do not reach the knotty problem of the proper standard of review before the Commissioner in termination cases because Ysleta failed to timely file a statement of facts. Ysleta did attempt to late-file a statement of facts; however, this Court has no jurisdiction to consider a late-filed motion for extension of time to file a statement of facts. Tex.R.App.P. 54(a); *Texas Instruments, Inc. v. Teletron Energy Management, Inc.*, 877 S.W.2d 276, 278 (Tex.1994); *B.D. Click Co. v. Safari Drilling Corp.*, 638 S.W.2d 860, 862 (Tex.1982).

■ A party seeking judicial review of an agency order must comply with the procedural requirements of the Administrative Procedure Act, including the requirement that the party "shall offer, and the reviewing court shall admit the state agency record into evidence as an exhibit." Tex.Gov't Code Ann. §§ 2001.175(a), (d) (West 1995). This Court has held that filing the statement of facts is the exclusive means of transmitting the agency record to the appellate court to comply with this requirement. *Commerce Indep. Sch. Dist. v. Texas Educ. Agency*, 859 S.W.2d 627, 628 (Tex.App.—Austin 1993, writ dism'd) ("Because the agency record is to be considered an exhibit admitted into evidence like exhibits in other civil cases, the agency record should be forwarded to the appellate court as part of the statement of facts.").

In *Office of Public Utility Counsel v. Public Utility Commission*, 878 S.W.2d 598 (Tex. 1994), the supreme court held that a statement of facts is not the exclusive means of transmitting the final agency *order* to the court of appeals in some instances and for some purposes. First, the court held that when a party properly requests it and supplies the necessary information, the court of appeals must take judicial notice of a *published* agency order. *Id.* at 600. Ysleta asks

us to take judicial notice of the agency's *unpublished* order in this case. In another recent decision involving the Commissioner of Education, we declined to enlarge the supreme court's holding in *Office of Public Utility Counsel* to include *unpublished* agency decisions. *Nueces Canyon Consol. Indep. Sch. Dist. v. Central Educ. Agency*, 900 S.W.2d 417 (Tex.App.—Austin no writ h.) ("[A] statement of facts is the exclusive method of transmitting the administrative record and an unpublished agency decision to the appellate court for its review.").

■ But even if the agency *decision* were before us, without the full agency record we cannot review the error of which the school district complains. The school district argues that after a full evidentiary hearing before the board of trustees, the Commissioner's review should be limited to the hybrid substantial evidence de novo appeal referenced in *Central Education Agency v. Upshur County Commissioners Court*, 731 S.W.2d 559, 562 (Tex.1987). The Commissioner responds that section 11.13(a) provides no limit on his authority to review appeals of this nature. Tex.Educ.Code Ann. § 11.13(a) (West 1991). By contrast, his review authority in student appeals is specifically limited to substantial evidence review. *Id.* § 11.13(b). Ysleta insists that this is a legal question that can be determined without reference to the agency record. *Office of Pub. Util. Counsel*, 878 S.W.2d at 600 (absence of a statement of facts does not preclude the court from addressing issues involving legal error). We disagree. From the face of the agency order itself, we are unable to determine the standard of review exercised by the Commissioner. Furthermore, in affirming the Commissioner, the district court found "after consideration of the evidence" that the agency decision "is in all respects supported by substantial evidence." Without the agency record, we are unable to review the trial court's determination. The agency order is "presumed to be supported by substantial evidence," *Texas Health Facilities Commission v. Charter Medical–Dallas, Inc.*, 665 S.W.2d 446, 453 (Tex.1984), and is "presumed to be valid and legal." *Commerce*, 859 S.W.2d at 629. The school district has the burden of

proving otherwise. *Charter Medical,* 665 S.W.2d at 453. To meet this burden Ysleta must present to the court "a sufficient record to show error requiring reversal." *Commerce,* 859 S.W.2d at 629. Because the administrative record is not properly before this Court, no error is shown.

In the absence of a statement of facts and the administrative record, we overrule the school district's points of error and affirm the trial court's judgment.

Affirmed.

POWERS, Justice, dissenting.

I respectfully dissent for the reasons given in my dissenting opinions in *Commerce Independent School District v. Texas Education Agency,* 859 S.W.2d 627, 629 (Tex.App.—Austin 1993, writ dism'd), and *Nueces Canyon Consolidated Independent School District v. Central Education Agency,* 900 S.W.2d 417 (Tex.App.—Austin 1995, no writ h.).

The Commissioner of Education and the Texas Education Agency filed the agency record with the clerk of the district court as required by section 2001.175(b) of the Administrative Procedure Act. Tex.Gov't Code Ann. § 2001.175(b) (West Supp.1995). Ysleta Independent School District designated the agency record for inclusion in the transcript on appeal as expressly authorized by Rule 51(b) of the Texas Rules of Appellate Procedure. Tex.R.App.P. 51(b). Apparently, the clerk failed to include the agency record in the appellate transcript. I would therefore set aside the submission on appeal and order that the clerk of the district court transmit the agency record to this Court for appellate review on re-submission without oral argument. *See* Tex.R.App.P. 51(d) (appellate court on its own motion may direct clerk of trial court to send appellate court any original paper for inspection); Tex.R.App.P. 55(c) (appellate court may set aside submission and make such orders as may be necessary to secure more satisfactory submission of case).

I must also dissent regarding another part of the majority opinion—a purported distinction between the "published" and the "un-published" final orders issued by an administrative agency in its adjudication of contested cases. The majority attribute this purported distinction to the supreme court opinion in *Office of Public Utility Counsel v. Public Utility Commission,* 878 S.W.2d 598, 600 (Tex.1994). There the supreme court determined that the judicial-notice doctrine applied to an administrative agency's final order in a contested case, a matter not theretofore clearly established in Texas law. *Id.; see generally* 31 C.J.S. *Evidence* § 41, at 991–92 (1994). Noting that the Commission order in that case was "published at 17 Tex. P.U.C.Bull. 3063–3423," the court remarked that the contents of the order were therefore "capable of accurate and ready determination by resort to a published record whose accuracy cannot reasonably be questioned." This remark is, of course, a transparent reference to the second ground upon which a court may or must take judicial notice of a legislative fact that is "not subject to reasonable dispute" because "it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Tex.R.Civ.Evid. 201(b).

The majority interpret the supreme court's comments as *limiting* the *application* of the doctrine of judicial notice, insofar as final agency orders in contested cases are concerned, to those instances where an agency may reproduce all such orders and distribute them periodically to subscribers who have paid a fee for the service, as in the case of the *Bulletin* of the Public Utility Commission. I believe this confuses the *applicability* of the doctrine of judicial notice with the means by which a court obtains *actual* knowledge of the facts that it knows only "judicially," that is to say, what the court "knows" as a legal abstraction.

Moreover, how may one logically distinguish between an agency order that is "published" and one that is not? The ordinary meaning of the word "publish" is to make the matter known to the public. *See Black's Law Dictionary* 1233 (6th ed. 1990). All the final orders of administrative agencies must be written, copies must be furnished the

public on request, and a statute expressly declares that all such orders are "public information." *See* Tex.Gov't Code Ann. § 552.022(12) (West 1994). Therefore, if any order of any agency is "published," then all of them are, at least in the ordinary sense of the word. Did the supreme court intend some other, technical sense of the word "publish" as it was used in *Office of Public Utility Counsel?* The only apparent difference between the orders of the Public Utility Commission and those of other agencies is that the Commission periodically sends copies of all its orders, under the heading *Bulletin,* to subscribers who pay for the service. I do not believe this is a workable or meaningful distinction. It seems to me the supreme court did not have such a thing in mind. Rather, the court meant that the doctrine of judicial notice should operate as it ordinarily does: an appellate court may take judicial notice of an agency's final order *whenever* the contents of the order are not subject to reasonable dispute and there is available to the court an accurate source setting forth what those contents are. Tex.R.Civ.Evid. 201(b)(2). The *Bulletin* was such a source, but I do not find in the opinion anything to suggest that a source is accurate *only* when it is sold and distributed to subscribers in the manner of the *Bulletin.* It seems to me that a certified or the agency's agreed copy of the order, for example, would suffice equally as well for the working of the doctrine of judicial notice.

In the present cause, the Commissioner of Education and the Texas Education Agency filed in the trial court, as a supplement to the agency record, a copy of the agency's final order. It is included in our appellate transcript. The trial court reached its judgment on the basis of the filed copy, affirming the order. It cannot be said that there is a reasonable dispute about the contents of the order; in truth no such dispute has arisen. I would take judicial notice of the contents of the filed copy.