ysleta 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON REMAND









ON MOTION FOR REHEARING









NO. 03-94-00381-CV







Ysleta Independent School District, Appellant



v.



Lionel R. Meno, Commissioner of Education,


and Texas Education Agency, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 93-01195, HONORABLE JERRY DELLANA, JUDGE PRESIDING







 We withdraw our opinion of July 31, 1996 and substitute the following. This appeal
requires that we determine the scope of review permitted the Commissioner of Education when a teacher
employed under a continuing contract appeals the decision of a board of trustees in an independent school
district to discharge the teacher during the school year. (1) We hold that the relevant statutory provisions
restrict the Commissioner to a substantial evidence standard of review and that the Commissioner may not
review such decisions de novo.



FACTUAL AND PROCEDURAL BACKGROUND


 Ysleta Independent School District employed Victor Aguilar as a middle-school teacher
under a continuing contract during the 1989-90 school year. Based on reports by two female students that
Aguilar had improperly touched them, the superintendent recommended Aguilar's discharge. One student
alleged that Aguilar hugged and kissed her in a darkened, empty classroom; the other claimed he grabbed
her buttocks while she bent over to pick up papers she had dropped in the hall. After an evidentiary
hearing, the board of trustees concluded the two incidents constituted immoral conduct and issued a written
order, including findings of fact and conclusions of law, ordering Aguilar's discharge.

 Aguilar appealed this decision to the Commissioner of Education. At a hearing on the
appeal, the written record of the proceedings before the board was introduced in evidence together with
two other sets of documents: (1) correspondence between the Ysleta superintendent and Aguilar or his
attorney; and (2) a schedule of teacher assignments that cast doubt on the credibility of a teacher who
corroborated one student's version of Aguilar's improper actions. Based on his assessment of this
documentary evidence and the degree of credibility he assigned to the students' testimony before the board,
the Commissioner concluded that a preponderance of the evidence did not support the board's finding that
Aguilar committed immoral conduct. Instead, the Commissioner determined that Aguilar had merely
exercised bad judgment, which was not lawful cause for discharge. (2) Although Aguilar raised no procedural
complaints, the Commissioner sua sponte found that the board did not timely grant Aguilar's request for
a hearing. Accordingly, the Commissioner ordered Ysleta to reinstate Aguilar.

 Ysleta sued in district court for judicial review of the Commissioner's final decision (3) and
appeals to this Court from a judgment affirming the decision. (4)



DISCUSSION AND HOLDINGS


 Ysleta contends in its first two points of error that the Commissioner exceeded his authority
by conducting a de novo review of Aguilar's appeal. (5) The Commissioner does not dispute that he exercised
his own discretion and judgment, assessing the weight and credibility of the documentary evidence and
concluding that a preponderance of the evidence showed mere bad judgment, rather than immoral conduct,
on Aguilar's part. 

 Both Ysleta and the Commissioner rely on former Education Code section 11.13(a), which
provides generally for appeal to the Commissioner from local board decisions, to support their opposing
views of the proper standard of review in teacher termination cases. That statute reads in relevant part:



[A]ny person aggrieved by the school laws of Texas or by actions or decisions of any
board of trustees or board of education may appeal in writing to the commissioner of
education, who, after due notice to the parties interested, shall hold a hearing and render
a decision . . . .



Former Educ. Code Ann. § 11.13(a) (West 1991). (6)

 Although at one time section 11.13(a) may have authorized the Commissioner to review
appeals such as Aguilar's under a de novo standard, we believe any such authority ended in 1967 when
the legislature unambiguously vested in boards of trustees of independent school districts the power to
discharge during the school year a teacher employed under a continuing contract, for specified causes listed
in the enactment. See Former Educ. Code Ann. § 13.109 (West 1991). (7) The 1967 enactment provided
for an appeal to the Commissioner. See Former Educ. Code Ann. § 13.115(a) (West 1991). Aguilar's
appeal was thus governed by former section 13.115(a), not by former section 11.13(a). Because this
provision, like section 11.13(a), fails to specify a manner or scope of review by the Commissioner, (8) we
must ascertain the legislature's intention from a general view of the enactment, in harmony with other
statutory provisions bearing on the same subject. See Citizens Bank of Bryan v. First State Bank, 580
S.W.2d 344, 348 (Tex. 1979).

 We begin by observing that former section 23.26(b) of the Education Code declared that
"[t]he trustees shall have the exclusive power to manage and govern the public free schools of the district." 
(Emphasis added.) The legislature has continued this emphasis on local management and government of
public schools in the present version of the Code. See Educ. Code Ann. § 11.151(b) (West 1996). Local
management and control of public schools is a primary and longstanding legislative policy evident
throughout the education statutes. San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 53 (1973);
Carl v. South San Antonio Indep. Sch. Dist., 561 S.W.2d 560, 563 (Tex. Civ. App.--Waco 1978, writ
ref'd n.r.e.). This policy would be undermined by de novo review which affords no deference to the local
trustees' determination of the minimum level of conduct expected of a teacher under a continuing contract.

 The Commissioner's argument that former section 13.115(a) delegates to him a power of
de novo review is, first and foremost, an argument from silence. That provision provides:



If the board of trustees shall order the teacher discharged during the school year under
Section 13.109 of this code, the teacher shall have the right to appeal such action to the
commissioner of education, for review by him . . . .



Former Educ. Code Ann. § 13.115(a) (West 1991). Standing alone, the right to appeal to the
Commissioner "for review by him" does not confer upon that office the right to exercise its own
administrative discretion and judgment in teacher employment decisions, and no other statute purports to
delegate such authority. In establishing the office of commissioner of education as part of the central
education agency, former section 11.01 reserved to local school boards all powers not specifically
delegated to the central agency:



It shall carry out such educational functions as may be assigned to it by the legislature, but
all educational functions not specifically delegated to the Central Education Agency shall
be performed by county boards or district boards of trustees.



Former Educ. Code Ann. § 11.01 (West 1991). This reservation of powers is continued in current section
11.151(b):



All powers and duties not specifically delegated by statute to the agency or to the State
Board of Education are reserved for the trustees, and the agency may not substitute its
judgment for the lawful exercise of those powers and duties by the trustees.



Educ. Code Ann. § 11.151(b) (West 1996). 

 Under a de novo standard of review, the Commissioner would effectively be making the
employment decision rather than the local board. See Upshur, 731 S.W.2d at 561. We cannot infer such
authority from the silence of section 13.115(a). By not granting authority to make teacher discharge
decisions to the Commissioner, the legislature has reserved those powers to local trustees. The only type
of review consistent with this reservation of powers is a substantial evidence review. 

 We also note that the 1967 legislature laid down for the first time mandatory procedures
governing the discharge of teachers for cause: (1) the teacher was entitled to notice of a proposed
discharge for cause, copies of certain documents, and an opportunity for a hearing; (2) at this hearing the
teacher was entitled to be represented by counsel, to hear evidence supporting the proposed discharge,
to cross-examine adverse witnesses, and to adduce evidence; and (3) if the board of trustees ordered the
teacher discharged, the teacher was entitled to appeal to the Commissioner or to sue in district court. (9) Act
of June 18, 1967, 60th Leg., R.S., ch. 745, § 4-7, 1967 Tex. Gen. Laws 2012, 2014-17 (Former Educ.
Code Ann. § 13.106-.115, since repealed; see now Educ. Code Ann. §§ 21.152, .158, .159, & .251-.307 (West 1996) governing terminations after January 1, 1996)). It is unreasonable to conclude the
legislature intended boards of trustees to conduct expensive trial-type proceedings that would be rendered
redundant and meaningless each time a teacher brought a de novo appeal to the Commissioner. Cf. Big
Spring Firemen's Relief & Retirement Fund v. Firemen's Pension Comm'r, 808 S.W.2d 608, 612
(Tex. App.--Austin 1991, no writ) (decision of the lower board automatically vacated upon the taking of
a pure de novo appeal).

 Considering the statutory scheme as a whole, we cannot infer from former section
13.115(a) that the legislature intended to authorize the Commissioner to review appeals from teacher
discharge decisions under a de novo standard. If the legislature intends that the Commissioner shall have
authority to actually decide teacher discharge questions, it must say so. See Upshur, 731 S.W.2d at 561. 
Instead, the legislature expressly delegated the power to make these decisions to local school boards and
granted to the Commissioner the power to determine on appeal whether a board of trustees followed the
law in discharging for cause a teacher employed under a continuing contract. Substantial evidence review
is the only power of review consistent with the legislature's intent and the statutory scheme as a whole. We
accordingly hold that by redetermining the credibility of the witnesses and the weight that should be given
their testimony in this case, and by substituting his judgment for that of the board, the Commissioner
exceeded his statutory authority. We therefore sustain the first two points of error. Having sustained these
points of error, we overrule point of error three.

 In points of error four and five, Ysleta complains that the Commissioner erred in his
conclusion of law that the school board violated its own procedures in not affording Aguilar proper notice
and opportunity for a hearing. Aguilar's pleadings on appeal do not raise any complaint of procedural
irregularity, and at the hearing Aguilar affirmatively stated: "I'm not at all alleging that there was any kind
of procedural error, notice error, or anything like that." Because Aguilar failed to raise any complaint about
notice or hearing before the trustees or in his petition for review, the Commissioner erred in raising this issue
sua sponte. We sustain points of error four and five. Having sustained these points of error, we overrule
point of error six complaining of the trial court's failure to hear additional evidence regarding the procedural
issues.



CONCLUSION


 We reverse the Commissioner's final order and the district court's judgment sustaining that
order, and remand the cause to the Commissioner for review of the board's decision under the substantial
evidence standard.



 

 Bea Ann Smith, Justice


Before Justices Powers, Kidd and B. A. Smith

Reversed and Remanded

Filed: October 30, 1996

Publish

1. [1]  See Act of May 27, 1967, 60th Leg., R.S., ch. 745, § 7(g), 1967 Tex. Gen. Laws 2012, 2016,
amended by Act of May 20, 1971, 62nd Leg., R.S., ch. 405, § 2, 1971 Tex. Gen. Laws 1449 (codified
at Tex. Educ. Code Ann. § 13.115(a), since repealed and recodified as Tex. Educ. Code Ann. § 21.301
(West 1996)).
2. [2]  Former section 13.109 authorized the discharge of a teacher during a school year for immorality,
drunkenness, neglect of duties, incapacity, repeated failure to comply with directives and policy, or
conviction of a felony or crime involving moral turpitude. Former Educ. Code Ann. § 13.109 (West 1991).
3. [3]  The district court ruled that the Commissioner's first order dated August 30, 1991 was not final and
appealable and remanded the case to the Commissioner. The Commissioner issued a second order on
December 10, 1992. When the Commissioner did not rule on Ysleta's motion for rehearing, this order
became final and appealable on January 24, 1993.
4. [4]  When we first considered Ysleta's appeal, we concluded that the agency record was not properly
before us, because it was not forwarded to this Court as part of a statement of facts. See Ysleta Indep.
Sch. Dist. v. Meno, 909 S.W.2d 544,546 (Tex. App.--Austin 1995), rev'd, 916 S.W.2d 961, 962 (Tex.
1996). We held that Ysleta could not show error in the absence of the agency record and affirmed the
judgment. Id. at 547. The supreme court has since held that an appellant may bring forward an
administrative record in an appeal as part of a transcript provided that some documentation indicates that
the district court admitted the agency record in evidence. Nueces Canyon Consol. Indep. Sch. Dist. v.
Central Educ. Agency, 917 S.W.2d 773, 776 (Tex. 1996). Because a district court order reflects that
the agency record was admitted as part of the record in this case, the agency record is properly before us
and we may consider the merits of Ysleta's claims.
5. [5]  In conducting a de novo review, the reviewing tribunal exercises its own judgment and determines
each issue of fact and law as though there had been no previous decision, based on evidence received by
the reviewing tribunal; the reviewing tribunal accords the decision of the original tribunal no deference at
all. On the other hand, to secure deference for the decision of the original tribunal, the legislature may
provide for a substantial evidence review. In such instances, the reviewing tribunal's discretion extends only
to determining whether the decision below resulted from a prejudicial error of law, such as an abuse of
discretion, an action taken in excess of authority, a violation of law, or fact findings that are unreasonable
in light of the evidence found in the record of proceedings before the original tribunal. The reviewing
tribunal is restricted to that record, save in extraordinary circumstances, and it may not re-weigh the
evidence, find facts or substitute its judgment for that of the original tribunal. See generally 17A C.J.S.
Public Administrative Law and Procedure § 166-171 (1983); see also Central Educ. Agency v. Upshur
County Commr's Court, 731 S.W.2d 559, 561 (Tex. 1987); cf. Tex. Gov't Code § 2001.173-.175
(West Supp. 1996).  
6. [6]  Act of February 17, 1949, 51st Leg., R.S., ch. 299, art VII, 1949 Tex. Gen. Laws 537, 545,
codified by Act of May 31, 1969, 61st Leg., R.S., ch. 889, 1969 Tex. Gen. Laws 2735, 2757, amended
by Act of August 21, 1986, 69th Leg., 2d C.S., ch. 4, § 3, 1986 Tex. Gen. Laws 6, 10.
7. [7]  Act of May 27, 1967, 60th Leg., R.S., ch. 745, § 7(g), 1967 Tex. Gen. Laws 2012, 2016.
8. [8]  Under the current statute the Commissioner is to conduct a substantial evidence review of teacher
employment decisions. The Commissioner is to consider the appeal solely on the basis of the local record,
except in cases where procedural irregularities are alleged, and may not substitute the Commissioner's
judgment for that of the local board unless the board's decision is arbitrary, capricious, or unlawful or is not
supported by substantial evidence. Educ. Code Ann. § 21.301-21.303 (West 1996) (effective for teacher
suspensions and terminations occurring after January 1, 1996). Because Aguilar was discharged in 1990,
his appeal is not governed by the clearly stated standard of review set forth in section 21.303.
9. [9]  Before 1967, the education statutes were silent regarding any procedures pertaining to the dismissal
of teachers, although judicial decisions had held they might only be discharged for cause. See Frank W.
R. Hubert, Jr., Dismissals of Public-School Employees in Texas--Suggestions for a More Effective
Administrative Process, 44 Tex. L. Rev. 1309, 1317-18 (1966). Certain regulations adopted by the
State Board of Education recommended but did not require boards of trustees to employ trial-type
procedures in deciding grievances or administrative controversies such as affording a hearing after notice,
the right to counsel, the right to introduce evidence and cross-examine adverse witnesses, the right to make
oral argument, file briefs, have a transcript of the evidence and obtain a decision in writing. See John
Carroll Hinsley, The Handbook of Texas School Law 1171-74 (3d ed. 1958); Id. at 1471-74 (4th ed.
1968).


nd remanded the case to the Commissioner. The Commissioner issued a second order on
December 10, 1992. When the Commissioner did not rule on Ysleta's motion for rehearing, this order
became final and appealable on January 24, 1993.
4. [4]  When we first considered Ysleta's appeal, we concluded that the agency record was not properly
before us, because it was not forwarded to this Court as part of a statement of facts. See Ysleta Indep.
Sch. Dist. v. Meno, 909 S.W.2d 544,546 (Tex. App.--Austin 1995), rev'd, 916 S.W.2d 961, 962 (Tex.
1996). We held that Ysleta could not show error in the absence of the agency record and affirmed the
judgment. Id. at 547. The supreme court has since held that an appellant may bring forward an
administrative record in an appeal as part of a transcript provided that some documentation indicates that
the district court admitted the agency record in evidence. Nueces Canyon Consol. Indep. Sch. Dist. v.
Central Educ. Agency, 917 S.W.2d 773, 776 (Tex. 1996). Because a district court order reflects that
the agency record was admitted as part of the record in this case, the agency record is properly before us
and we may consider the merits of Ysleta's claims.
5. [5]  In conducting a de novo review, the reviewing tribunal exercises its own judgment and determines
each issue of fact and law as though there had been no previous decision, based on evidence received by
the reviewing tribunal; the reviewing tribunal accords the decision of the original tribunal no deference at
all. On the other hand, to secure deference for the decision of the original tribunal, the legislature may
provide for a substantial evidence review. In such instances, the reviewing tribunal's discretion extends only
to determining whether the decision below resulted from a prejudicial error of law, such as an abuse of
discretion, an action taken in excess of authority, a violation of law, or fact findings that are unreasonable
in light of the evidence found in the record of proceedings before the original tribunal. The reviewing
tribunal is restricted to that record, save in extraordinary circumstances, and it may not re-weigh the
evidence, find facts or substitute its judgment for that of the original tribunal. See generally 17A C.J.S.
Public Administrative Law and Procedure § 166-171 (1983); see also Central Educ. Agency v. Upshur
County Commr's Court, 731 S.W.2d 559, 561 (Tex. 1987); cf. Tex. Gov't Code § 2001.173-.175
(West Supp. 1996).  
6. [6]  Act of February 17, 1949, 51st Leg., R.S., ch. 299, art VII, 1949 Tex. Gen. Laws 537, 545,
codified by Act of May 31, 1969, 61st Leg., R.S., ch. 889, 1969 Tex. Gen. Laws 2735, 2757, amended
by Act of August 21, 1986, 69th Leg., 2d C.S., ch. 4, § 3, 1986 Tex. Gen. Laws 6, 10.
7. [7]  Act of May 27, 1967, 60th Leg., R.S., ch. 745, § 7(g), 1967 Tex. Gen. Laws 2012, 2016.
8. [8]  Under the current statute the Commissioner is to conduct a substantial evidence review of teacher
employment decisions. The Commissioner is to consider the appeal solely on the basis of the local record,
except in cases where procedural irregularities are alleged, and may not substitute the Commissioner's
judgment for that of the local board unless the board's decision is arbitrary, capricious, or unlawful or is not
supported by substantial evidence. Educ. Code Ann. § 21.301-21.303 (West 1996) (effective for teacher
suspensions and terminations occurring after January 1, 1996). Because Aguilar was discharged in 1990,
his appeal is not governed by the clearly stated standard of review set forth in sec