### In re Rob L. NEWBY, Relator.

### No. 07–07–0480–CV.

Court of Appeals of Texas, Amarillo.

Dec. 14, 2007.

Order of Abatement April 15, 2008.

Rob L. Newby, pro se.

David M. McCoy, pro se.

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

### ORDER OF ABATEMENT

PER CURIAM.

Pending before the Court is a petition for writ of mandamus filed by relator Rob L. Newby, acting *pro se,* seeking an order compelling the trial judge to rule on vari-

ous motions.[1] For the reason that follows, we abate the proceeding.

Relator contends that, despite his requests the Honorable David M. McCoy, while sitting as judge of the 100th District Court, failed to rule on motions relator filed in a pending civil suit.

On our own motion, we first consider the proper parties to this proceeding. We take judicial notice that Judge McCoy has been suspended for an indefinite period as presiding judge of the 100th District Court by the State Commission on Judicial Conduct because of his indictment for alleged felony offenses.[2] We take further judicial notice that Senior District Judge John T. Forbis has been appointed to preside over the 100th District Court.[3]

Rule 7 of the rules of appellate procedure pertains to the substitution of parties in pending appeals and original proceedings. Tex.R.App. P. 7. In part, Rule 7.2 provides that during an original proceeding against a public officer in an official capacity, if the officer ceases to hold office, the officer's successor is automatically substituted as a party and "the court must abate the proceeding to allow the successor to reconsider the original party's decision." Tex.R.App. P. 7.2(a), (b); *see In re Whitfield,* 134 S.W.3d 314, 315 (Tex.App.-Waco 2003, orig. proceeding).

Here, the duration of Judge McCoy's suspension is indefinite. Thus, we consider whether an indefinite suspension from office and ceasing to hold office are sufficiently synonymous for application of Rule 7.2 to the facts presented. Mandamus relief can be granted in a proper case to enforce a trial court's duty to perform the ministerial acts of giving consideration to and ruling on motions properly filed and pending before it. *In re Christensen,* 39 S.W.3d 250, 251 (Tex.App.-Amarillo 2000) (orig. proceeding); *In re Ramirez,* 994 S.W.2d 682, 683 (Tex.App.-San Antonio 1998) (orig. proceeding). Here relator asks us to order Judge McCoy to rule on pending motions. But this is not possible since, under current circumstances, Judge Forbis and not Judge McCoy will preside over relator's case in the 100th District Court. The interests of the parties and judicial economy in the trial court and this court are not served if we merely await a

---

1. Relator previously filed a petition for writ of mandamus seeking similar relief which we denied. *In re Newby,* No. 07–07–0228–CV, 2007 WL 2066359, 2007 Tex.App. LEXIS 5705 (Tex.App.-Amarillo, July 19, 2007) (orig. proceeding). He filed a motion for rehearing which we also denied. *In re Newby,* No. 07–07–0228–CV, 2007 WL 2390419, 2007 Tex. App. LEXIS 6741 (Tex.App.-Amarillo, August 21, 2007) (orig. proceeding) (motion for rehearing).

2. The judge of a district court "may be suspended from office with or without pay by the [State Commission on Judicial Conduct] immediately on being indicted by a State or Federal grand jury for a felony offense or charged with a misdemeanor involving official misconduct." Tex. Const. art. V, § 1–a.

3. A court of appeals may take judicial notice of a fact even though the fact was not judicially noticed by the trial court. *Office of Pub. Util. Counsel v. Pub. Util. Comm'n of Texas,* 878 S.W.2d 598, 600 (Tex.1994); Tex.R. Evid. 201. Before taking judicial notice we have considered a copy of an order of suspension entered on November 30, 2007, by the State Commission on Judicial Conduct suspending Judge McCoy from office until further order of the Commission. We also have considered certified copies of orders of the Honorable Kelly G. Moore, Presiding Judge of the Ninth Administrative Judicial Region, also signed November 30, 2007, pursuant to Government Code section 74.056. Tex. Gov't Code Ann. § 74.056 (Vernon 2005). In addition to Judge Forbis, Judge Moore appointed two other senior judges to the 100th District Court bench but limited one appointment to a specific date that has passed and the other appointment to two civil cases to which the petition at bar has no relation.

final determination of Judge McCoy's suspension. Under the unique facts at bar we find the purpose of Rule 7 is best served by substituting Judge Forbis as respondent and abating the case so that relator may present his complaints to Judge Forbis. By ordering abatement of this proceeding, we express no opinion concerning the form or merit of relator's petition.

We, therefore, order the substitution of the Honorable John T. Forbis as respondent in this original proceeding, *see* Tex. R.App. P. 7(a), and abate the proceeding for 60 days from the date of this opinion. During the abatement, relator shall, by written pleading filed with the clerk of the trial court, specifically identify (by name and date of filing) each motion on which he seeks a ruling; request in a contemporaneously filed writing that the trial court clerk present the pleading to Judge Forbis; obtain a ruling or documentation of the court's refusal to rule; and amend his petition and appendix in this court accordingly.

It is so ordered.

## ORDER OF ABATEMENT

PER CURIAM.

On November 27, 2007, Relator Rob L. Newby, acting *pro se,* filed a petition for writ of mandamus seeking an order compelling the Honorable David McCoy, then judge of the 100th judicial district court, to rule on various pending motions. On November 30, 2007, Judge McCoy was indefinitely suspended from office by the State Commission for Judicial Conduct. In his absence, Senior District Judge John T. Forbis was appointed to preside over the 100th district court.

Acting on our own motion, in an order of December 14, 2007, we determined that Rule 7.2 applied in this proceeding and required in the face of Judge McCoy's indefinite suspension the substitution of Judge Forbis as respondent.[1] *See* Tex. R.App. P. 7.2(a), (b). We, therefore, ordered the substitution of Judge Forbis as respondent, abated the proceeding, and directed relator to bring to the trial court's attention by pleading the matters on which he sought a ruling.

On March 3, 2008, relator filed in this court an amended petition for writ of mandamus. The appendix of the amended petition contained a document denominated "Motion Seeking a Ruling." This was apparently a copy of the pleading relator filed in the trial court in response to the directive in our order of December 14. According to relator's pleading, the motions before the trial court upon which he seeks a ruling are: (1) "Motion Requesting Issuance of Citation and Service of Process," which relator asserts was filed February 2, 2007; (2) "Motion to Recuse," which relator asserts was filed August 15, 2007; and (3) "Motion for Appointment of Counsel," which relator asserts was filed October 17, 2007.

■ This court, on its own motion, takes judicial notice that since our order of December 14 Judge McCoy has resigned as judge of the 100th judicial district court and, on March 18, 2008, Governor Perry appointed the Honorable Stuart Messer

---

1. Rule 7 of the rules of appellate procedure pertains to the substitution of parties in pending appeals and original proceedings. Tex. R.App. P. 7. In part, Rule 7.2 provides that during an original proceeding against a public officer in an official capacity, if the officer ceases to hold office, the officer's successor is automatically substituted as a party and "the court must abate the proceeding to allow the successor to reconsider the original party's decision." Tex.R.App. P. 7.2(a), (b); *see In re Whitfield,* 134 S.W.3d 314, 315 (Tex.App.-Waco 2003, orig. proceeding).

judge of that court. Judge Messer has taken office.[2]

■ We again look to Rule 7.2 and order Judge Messer substituted as respondent in this proceeding. We abate this proceeding for sixty days from the date of this order so that Judge Messer may consider the pleadings on which relator seeks a ruling. Tex.R.App. P. 7.2(b). Relator shall obtain a ruling or documentation of the court's refusal to rule and amend his petition and appendix in this court accordingly. The clerk of this court shall provide Judge Messer a copy of our December 14 order and relator's amended petition for writ of mandamus filed in this court on March 3, 2008.

It is so ordered.

---

2. A court of appeals may take judicial notice of a fact even though the fact was not judicially noticed by the trial court. *Office of Pub. Util. Counsel v. Pub. Util. Comm'n of Texas*, 878 S.W.2d 598, 600 (Tex.1994); Tex.R. Evid. 201. The facts noticed, that Judge McCoy has resigned as district judge and has been replaced by Judge Messer, are not subject to reasonable dispute. *See City of Houston v. Todd*, 41 S.W.3d 289, 301 (Tex.App.-Houston [1st Dist.] 2001 pet. denied) (judicial notice appropriate for facts that are, *inter alia*, well-known or easily ascertainable); Tex.R. Evid. 201(b)(1). Before taking judicial notice of these facts we considered a report posted on the website of the Governor of Texas, ht tp://www.governor.state.tx.us /divisions/press/appointments/Appointment.2008–03–18.4427.