**Abatement Order filed June 11, 2013**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00422-CV

_____

### IN RE MICHAEL E. CALPAKIS

**County Court at Law No. 3**
**Galveston County, Texas**
**Trial Court Cause No. 11-FD-2533**

## ABATEMENT ORDER

On May 31, 2013, relator, Michael E. Calpakis, filed a petition for writ of mandamus in this court.[1] *See* Tex. Gov't Code ' 22.221. Relator asks this court to order the Honorable Christopher Dupuy, Judge of County Court at Law No. 3 of Galveston County, Texas, to set aside his contempt order entered April 26, 2013, in an action to enforce the real party-in-interest's periods of possession of the parties' minor child.

---

[1] Relator attempted to file his petition on May 16, 2013, but the electronic filing was rejected.

This court has taken judicial notice that on May 23, 2013, the State Commission on Judicial Conduct issued an order of suspension against respondent, removing him from the bench effective immediately. *See Office of Pub. Util. Counsel v. Pub. Util. Comm'n,* 878 S.W.2d 598, 600 (Tex.1994) (stating court of appeals may take judicial notice even though the fact was not judicially noticed by the trial court); Tex. R. Evid. 201 (permitting court to take judicial notice, whether or not requested, at any stage of proceedings). A writ of mandamus may not be directed to a former judge. *See In re Schmitz,* 285 S.W.3d 451, 454 (Tex. 2009) (stating "the writ must be directed to someone" and any judge sitting in the case after mandamus relief is granted would be compelled to obey the writ); *In re Baylor Med. Ctr.,* 280 S.W.3d 227, 228 (Tex. 2008) (stating mandamus will not issue against a new judge for what a former one did).

Texas Rule of Appellate Procedure 7.2 governs the procedure that courts of appeals are to follow when judges or other public officers who are parties to appellate proceedings no longer occupy the office. When a judge who is a party to an original proceeding ceases to hold office, the judge's successor may be automatically substituted as a party. *See* Tex. R. App. P. 7.2(a). "If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision." Tex. R. App. P. 7.2(b). Rule 7.2 applies when a judge has been indefinitely suspended. *See In re Newby,* 280 S.W.3d 298, 300 (Tex. App.—Amarillo 2007, orig. proceeding). In a case involving a judge's suspension, the appropriate procedure is to abate the proceeding so that the judge who is assigned to preside over the underlying suit may reconsider the ruling. *Id.*at 300-01.*see also In re Sekumade,* No. 01-10-00817-CV, 2011 WL 5600724 (Tex. App.—Houston [1st Dist.] Oct. 6, 2011, orig.

2

proceeding) (mem. op.) (applying Rule 7.2 to proceeding in which visiting judge was assigned to sit in place of recused judge).

Texas Rule of Appellate Procedure 7.2(b) requires abatement of this proceeding to permit a new judge or visiting judge assigned to the underlying case to reconsider Judge Dupuy's order. Therefore, this mandamus proceeding is abated for a period of fifteen days from the date of this order, at which time the parties shall advise the court of the action taken on the motion for enforcement at issue in this proceeding. The court will then consider a motion to reinstate or dismiss this proceeding, as appropriate.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Frost and Donovan.