**Motion Granted; Petition for Writ of Mandamus Reinstated and Dismissed; and Memorandum Opinion filed July 11, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00422-CV

### IN RE MICHAEL E. CALPAKIS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**County Court at Law No. 3**
**Galveston County, Texas**
**Trial Court Cause No. 11-FD-2533**

## MEMORANDUM OPINION

Relator, Michael E. Calpakis, filed a petition for writ of mandamus in which he asked this court to order the Honorable Christopher Dupuy, Judge of County Court at Law No. 3 of Galveston County, Texas, to set aside a contempt order entered April 26, 2013, in an action to enforce the real party-in-interest's periods of possession of the parties' minor child. *See* Tex. Gov't Code § 22.221.

This court took judicial notice that on May 23, 2013, the State Commission on Judicial Conduct issued an order of suspension against respondent, removing

him from the bench effective immediately. *See Office of Pub. Util. Counsel v. Pub. Util. Comm'n,* 878 S.W.2d 598, 600 (Tex. 1994) (stating court of appeals may take judicial notice even though the fact was not judicially noticed by the trial court); Tex. R. Evid. 201 (permitting court to take judicial notice, whether or not requested, at any stage of proceedings). A writ of mandamus may not be directed to a former judge. *See In re Schmitz,* 285 S.W.3d 451, 454 (Tex. 2009) (stating "the writ must be directed to someone" and any judge sitting in the case after mandamus relief is granted would be compelled to obey the writ); *In re Baylor Med. Ctr.,* 280 S.W.3d 227, 228 (Tex. 2008) (stating mandamus will not issue against a new judge for what a former one did).

Accordingly, we abated this proceeding pursuant to Texas Rule of Appellate Procedure 7.2, which governs the procedure that courts of appeals are to follow when judges or other public officers who are parties to appellate proceedings no longer occupy the office. *See* Tex. R. App. P. 7.2(b) ("If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision."); *see also In re Newby,* 280 S.W.3d 298, 300-01 (Tex. App.—Amarillo 2007, orig. proceeding) (applying Rule 7.2 when a judge has been indefinitely suspended).

On June 25, 2013, relator filed a motion to dismiss his petition for writ of mandamus. We order the proceeding reinstated, grant the motion, and dismiss relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Frost and Donovan.

2