

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-19-00391-CV

---

**IN THE INTEREST OF A.M. AND C.M., CHILDREN**

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 84957-D, Honorable Carry A. Baker, Presiding

---

March 11, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant L.A. (the mother) appeals the trial court's final order terminating her parental rights to her children, A.M. and C.M.[1]  Appellee is the Texas Department of Family and Protective Services.  In her brief, the mother argues the trial court lost jurisdiction of the underlying case because it failed to comply with the Family Code's one-year deadline for commencing or extending trial of a termination suit brought by the Department.[2]  In its brief, the Department concedes the trial court lacked subject matter

---

[1] To protect the children's privacy, we will refer to L.A. as "the mother," and the children by initials.  See TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2019); TEX. R. APP. P. 9.8(b).  The parental rights of the children's father, J.M., were terminated in the same proceeding but he did not appeal the final order.

[2] See TEX. FAM. CODE ANN. § 263.401(a) (West Supp. 2019).

1

jurisdiction. After reviewing the record and the authorities, we agree. We will vacate the trial court's judgment and dismiss the case.

## Background

On August 31, 2018, the Department filed the underlying suit affecting parent-child relationship and on the same date was granted temporary managing conservatorship of the children by order of the trial court. A permanency hearing order signed June 20, 2019, stated the case dismissal date was September 2, 2019, and the case was set for trial on August 29, 2019.

On September 11, 2019, the associate judge signed an instrument entitled "Order Extending Dismissal Date and Notice of Final Hearing." The case was tried to the bench before the associate judge on October 2. The associate judge signed an order terminating the parental rights of the mother and the father on October 28. Trial de novo before the referring court was not requested and this appeal followed.

## Analysis

Relying on Family Code section 263.401, the mother argues the trial court did not sign an order retaining the Department's case against her on its docket until after the passage of the one-year period for commencing or extending trial of the case; hence, the trial court lacked subject matter jurisdiction to adjudicate and terminate her parental rights. *See* TEX. FAM. CODE ANN. § 263.401. The Department states in its brief, "[a]fter a review of the appellate record, the Department concedes the trial court lacked jurisdiction to enter the termination order regarding A.M. and C.M." We must nevertheless analyze the jurisdictional question because subject matter jurisdiction is a power that exists only by

2

operation of law and may not be conferred by agreement or waiver. *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76 (Tex. 2000) (citation omitted). Indeed, a trial court's subject matter jurisdiction is an issue an appellate court must address *sua sponte* if not questioned by a party. *In re City of Dallas,* 501 S.W.3d 71, 73 (Tex. 2016) (orig. proceeding) (per curiam).

Whether a trial court possesses subject matter jurisdiction is a question of law we review de novo. *In re A.F.,* No. 02-19-00117-CV, 2019 Tex. App. LEXIS 8563, at *8 (Tex. App.—Fort Worth Sept. 24, 2019, no pet.) (mem. op.) (citation omitted); *In re J.H.M.,* No. 07-07-00109-CV, 2009 Tex. App. LEXIS 9886, at *8-9 (Tex. App.—Amarillo Dec. 29, 2009, no pet.) (mem. op.) (question of standing). Effective September 1, 2017, in termination-of-parental-rights cases brought by the Department a trial court automatically loses subject matter jurisdiction over the case if the trial on the merits is not commenced by the deadline imposed by Family Code section 263.401(a) or an extension granted under subsections (b) or (b-1) of that section. TEX. FAM. CODE ANN. § 263.401(a),(b),(b-1). In pertinent part, section 263.401 provides:

> (a) Unless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b-1), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court's jurisdiction over the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship . . . is terminated and the suit is automatically dismissed without a court order. . . .

> (b) Unless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child. If the court makes those findings, the court may retain the suit on the court's docket for a period not to exceed 180 days after the time described by

3

Subsection (a). If the court retains the suit on the court's docket, the court shall render an order in which the court:

> (1) schedules the new date on which the suit will be automatically dismissed if the trial on the merits has not commenced, which date must be not later than the 180th day after the time described by Subsection (a);
>
> (2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and
>
> (3) sets the trial on the merits on a date not later than the date specified under Subdivision (1).

TEX. FAM. CODE ANN. § 263.401(a),(b).

In the present matter, on August 31, 2018, the trial court rendered[3] a temporary order appointing the Department temporary sole managing conservator of A.M. and C.M. We judicially notice[4] that the first Monday after the first anniversary of the trial court's rendition appointing the Department temporary sole managing conservator was September 2, 2019. Because that date was Labor Day, a legal holiday, the deadline was extended until Tuesday, September 3, 2019.[5] Thus the automatic termination date was

---

[3] The Family Code defines "render" to mean "the pronouncement by a judge of the court's ruling on a matter. The pronouncement may be made orally in the presence of the court reporter or in writing, including on the court's docket sheet or by a separate written instrument." TEX. FAM. CODE ANN. § 101.026 (West 2019); *In re C.R.,* No. 07-19-00316-CV, 2019 Tex. App. LEXIS 10653, at *5 (Tex. App.—Amarillo Dec. 9, 2019, pet. denied) (mem. op.). We have no record of an oral pronouncement in the court reporter's presence of the Department's temporary conservatorship appointment nor do we have a docket sheet. But the clerk's record contains a written temporary order signed on August 31, 2018, making that appointment.

[4] *See* TEX. R. EVID. 201(b) (kinds of facts subject to judicial notice); *In re Newby,* 280 S.W.3d 298, 301-02 & n.2 (Tex. App.—Amarillo 2008, orig. proceeding) (taking judicial notice on its own motion of a fact not subject to reasonable dispute).

[5] If the last day of any period is a "legal holiday" the period is extended to include the next day that is not a Saturday, Sunday, or legal holiday. *See* TEX. GOV'T CODE ANN. § 311.014(b) (West 2013). The term legal holiday includes a "national holiday." TEX.

4

September 3.  The September 11 order begins with the recital, "[o]n August 28, 2019, the Court granted an extension in this case."  Following this recital appear the findings required by section 263.401(b).  On inquiry by the Clerk of this Court, the court reporter indicated there is no record of a hearing on August 28 or 29, 2019.  We also have no docket sheet or electronic case management entry concerning a proceeding on either date.

When interpreting a statute, we "apply the plain or literal meaning of the text unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results."  *Cortez v. Mann Bracken,* LLP, No. 03-09-00615-CV, 2011 Tex. App. LEXIS 7699, at *5-6 (Tex. App.—Austin Sep. 22, 2011) (mem. op.) (citations omitted).  Construing section 263.401(a),(b) we find a court must make the subsection (b) findings before ordering an extension and the extension must be granted before the case is automatically dismissed according to subsection (a).  *See In re Dep't of Family & Protective Servs.,* 273 S.W.3d 637, 643 (Tex. 2009) (orig. proceeding) ("The court cannot just enter an extension order . . . .  In order for the suit to remain on the court's docket beyond the one-year dismissal date, the court must make specific findings to support the extension order . . . .").

We have no record of a proceeding on August 28 aside from the bald recital in the September 11 order.  Rather, the first record indication of the trial court's compliance with the extension requirement of subsection (b) is the September 11 order.  While the order

GOV'T CODE ANN. § 662.021(1) (West 2012).  The first Monday in September, Labor Day, is a national holiday.  TEX. GOV'T CODE ANN. § 662.003(a)(6) (West 2012).

appears to include the findings required for an extension as well as the additional orders specified by subsection (b), it was signed after the passage of the one-year period of subsection (a). An order resulting from judicial action that is rendered after the trial court loses jurisdiction is void. *See In re A.F.,* 2019 Tex. App. LEXIS 8563, at \*27 (citing *State ex rel. Latty v. Owens,* 907 S.W.2d 484, 486 (Tex. 1995) (per curiam); *Alaimo v. U.S. Bank Tr. Nat'l Ass'n,* 551 S.W.3d 212, 218 (Tex. App.—Fort Worth 2017, no pet.)); *In re H.F.,* No. 02-16-00347-CV, 2016 Tex. App. LEXIS 12210, at \*8 (Tex. App.—Fort Worth Nov. 14, 2016, no pet.) (mem. op.) ("Judicial action taken after the expiration of the court's jurisdiction is a nullity, and any orders signed outside the court's plenary jurisdiction are void"). A judgment is void when "the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act." *PNS Stores, Inc. v. Rivera,* 379 S.W.3d 267, 272 (Tex. 2012) (citation omitted). Moreover, once a trial court loses jurisdiction following the automatic dismissal of section 263.401, jurisdiction cannot be revived through a subsequent order. *See In re K.B.,* No. 09-19-00239-CV, 2019 Tex. App. LEXIS 10570, at \*8-9 (Tex. App.—Beaumont Dec. 5, 2019, no pet.) (mem. op.) (citing *In re G.X.H.,* 584 S.W.3d 543, 549-50 (Tex. App.—Houston [14th Dist.] 2019, no pet.)).

## Conclusion

We conclude the trial court automatically lost jurisdiction over the Department's underlying suit because on September 3, 2019, it had not commenced trial on the merits or granted an extension according to subsection (b). *See In re A.F.,* 2019 Tex. App. LEXIS 8563, at \*29 (so concluding). This means, and we further conclude, the trial court's "Order of Termination," signed by the associate judge on October 28, 2019, is void and

6

without effect.  *Id.*  When appeal is taken from a void judgment the appellate court has no jurisdiction to consider the merits of the appeal but has jurisdiction to declare the judgment void and dismiss the case.  *In re G.X.H.,* 584 S.W.3d at 556; *Mellon Service Co. v. Touche Ross & Co.,* 946 S.W.2d 862, 864 (Tex. App.—Houston [14th Dist.] 1997, no pet.).  We accordingly vacate the trial court's Order of Termination and dismiss the underlying case. TEX. R. APP. P. 43.2(e).

Lawrence M. Doss
Justice