**George A. DAY, Appellant,**

**v.**

**STATE BAR OF TEXAS, Appellee.**

**No. 11–90–134–CV.**

Court of Appeals of Texas, Eastland.

May 9, 1991.

Rehearing Denied June 20, 1991.

John E. Collins, Dallas, for appellant.

Linda A. Acevedo, Asst. Gen. Counsel, State Bar of Texas, Austin, for appellee.

DICKENSON, Justice.

The State Bar of Texas filed a disciplinary petition against George A. Day, a Texas attorney who was placed on five years probation [1] on September 15, 1989, by the United States District Court for the Northern District of Texas.[2] Following a nonjury trial in the 35th District Court, the trial judge suspended Day from the practice of law for a five-year period ending January 22, 1995. Day appeals. We affirm.

### Points of Error

Appellant presents seven points of error. He contends that the trial court erred: [Point One] in entering judgment for the State Bar; [Point Two] in denying his motion for instructed verdict (or in the alternative to limit the sanctions) at the conclusion of appellant's evidence; [Point Three] in suspending him "since the crimes for which Day was convicted were not serious offenses" as defined by the State Bar Rules; [Point Four] in entering the judgment because it only had authority to impose suspension during the term of probation; [Point Six] in entering the judgment because the State Bar "failed to give notice that it would seek 'further disciplinary sanction' as required by State Bar Rules"; and [Point Seven] in suspending him for five years because the State Bar failed to present the underlying facts to his district grievance committee. He also argues in Point Five that "the trial court's judgment of suspension for five years is absolutely void."

### State Bar Rules

The State Bar Rules are published as an appendix to the State Bar Act, TEX.GOV'T CODE ANN. § 81.001 et seq. (Vernon 1988). Art. X, § 26 provides in relevant part:

**(A) Generally.** *When an attorney has been convicted of a serious crime,* counsel shall initiate an action seeking compulsory discipline.... [A]n attorney may be tried on the underlying facts as well as upon the conviction itself.

**(B) Serious Crime Defined.** A serious crime, for the purpose of this section, shall be *any felony involving moral turpitude* or any misdemeanor involving theft, embezzlement, or fraudulent misappropriation.... The determination of whether a particular conviction constitutes a conviction of a serious crime is *a question of law to be determined by the court.*

**(C) Evidence of Guilt.** * * *

**(D) Commencement of Suit.** * * *

**(E) Procedure.** * * *

**(F) Disbarment.** * * *

**(G) Suspension.** If an attorney's sentence upon conviction of a serious crime is fully probated ..., the attorney *shall be suspended during the term of such probation;* however, upon notice and hearing, *the court in the disciplinary action may impose upon an attorney who has received probation such further disciplinary sanction as may be warranted,* including disbarment. If an attorney is suspended during the term of probation, such suspension is conditioned upon the attorney satisfactorily serving the terms of such probation. If probation is revoked, the attorney shall be disbarred as herein provided. (Emphasis added)

### No Timely Statement of Facts

■ Several of appellant's points of error challenge the sufficiency of the evi-

---

1. TEX.GOV'T CODE ANN. § 81.078(b) [The State Bar Act] (Vernon 1988) provides in mandatory language that an attorney who is placed on probation after conviction for "any felony involving moral turpitude ... shall be suspended from the practice of law during the probation."

2. Day was convicted of: (1) False Entry in Records of Federally Insured Financial Institution [See 18 U.S.C.A. § 1006 (West Supp.1991)];

(2) Wire Fraud [See 18 U.S.C.A. § 1343 (West Supp.1991)]; and (3) Issuance of Cashier's Checks Without Authority [See 18 U.S.C.A. § 1005 (West Supp.1991)]. Separate punishments were assessed: two for 5 years and one for 18 months, all three punishments were to run concurrently; however, the punishments were suspended, and Day was placed on probation for five years.

**174**

dence; however, since appellant failed to timely file the statement of facts, this Court is not authorized to consider that evidence. See TEX.R.APP.P. 54(a). See also *B.D. Click Company, Inc. v. Safari Drilling Corporation,* 638 S.W.2d 860 at 862 (Tex.1982), which discussed the rule which was replaced by Rule 54(a). Moreover, we must presume that sufficient evidence was introduced to support the judgment. *Murray v. Devco, Ltd.,* 731 S.W.2d 555 at 557 (Tex.1987); *Lane v. Fair Stores,* 150 Tex. 566, 243 S.W.2d 683 at 685 (1951). The first two points of error and the seventh point of error are overruled.

### *Serious Offenses*

 Appellant argues in Point Three that the trial court erred in finding that his convictions were for "serious offenses" as defined by State Bar Rule Art. X, § 26(B). We disagree. That definition includes "any felony involving moral turpitude." The trial court did not err in finding that appellant's convictions were for serious offenses. The Supreme Court of Texas held in *State Bar of Texas v. Heard,* 603 S.W.2d 829 at 834 (Tex.1980), that "any crime of which fraud is a necessary element is a crime involving moral turpitude." See also *Jordan v. DeGeorge,* 341 U.S. 223 at 227, 71 S.Ct. 703 at 706, 95 L.Ed. 886 (1951). The intent to defraud is an element of each of the three offenses for which Day was convicted. See 18 U.S.C.A. §§ 1005 [Issuance of Cashier's Check without Authority], 1006 [False Entry in Records of Federally Insured Financial Institution], and 1343 [Wire Fraud] (West Supp.1991). The third point of error is overruled.

### *Authority to Exceed Mandatory Sanction*

The State Bar Act, supra note 1, provides a mandatory sanction for any attorney who is convicted of a felony involving moral turpitude (and certain misdemeanors): that attorney *"shall* be suspended from the practice of law *during the probation."* (Emphasis added) The State Bar Rules specifically give the district court authority to exceed that mandatory

sanction. See Art. X, § 26(G). The fourth and fifth points of error are overruled.

### *Notice of "Further Disciplinary Sanction"*

The State Bar's disciplinary petition sought disbarment. This is sufficient notice that the State Bar was seeking more than the mandatory suspension during the period of probation. Consequently, the trial court did not err by suspending appellant for a five-year period ending January 22, 1995. The sixth point of error is overruled.

The judgment of the trial court is affirmed.