## OFFICE OF PUBLIC UTILITY COUNSEL, Petitioner,

v.

## PUBLIC UTILITY COMMISSION OF TEXAS and Houston Lighting and Power Company, Respondents (Two Cases).

### Nos. D–4400, 94–0016.

Supreme Court of Texas.

June 22, 1994.

Stephen Fogel and Walter Washington, Austin, for petitioner.

Richard P. Noland and Paula Mueller, Austin, for respondents in No. D–4400.

Philip F. Ricketts, Austin, Debra Champagne, Houston, Fernando Rodriguez, Austin, John Dewey, Lake Jackson, Paul W. Phillips, Washington, DC, Mark Witcher and Allen H. King, Austin, Hugh Rice Kelly and George W. Schalles, Houston, Robert J. Hearon, Jr., Robin A. Melvin, Roy Q. Minton, John L. Foster and Selden Anne Wallace, Austin, Peggy Wells Dobbins, Coral Gables, FL, Marianne Carroll, Norma K. Scogin, Elizabeth R.B. Sterling and Dan Morales, Austin, Jonathan Day and Frederick D. Junkin, Houston, Raupaco T. Gonzalez, W. Scott McCoullough and Michael G. Shirley, Austin, Ana Guerrero Cummings, Houston, for respondents.

PER CURIAM.

We decide if a court of appeals may affirm a trial court judgment upholding a contested Public Utility Commission of Texas ("PUC") ratemaking order on the sole ground that the appellant has not timely filed a statement of facts. *See* TEX.R.APP.P. 54. We hold that the court of appeals erred by failing to iden-

tify and address issues that may be resolved without a statement of facts. *See* TEX. R.APP.P. 50(a), 90(a). We also hold the court of appeals erred by refusing to take judicial notice of the published order of the PUC, which forms the basis for this appeal.

In an order dated October 23, 1991, the PUC granted the Houston Lighting and Power Company ("HL & P") a $313 million rate increase based upon a non-unanimous stipulation between HL & P and several ratepayer organizations. The Office of Public Utility Counsel ("OPUC"), which had not joined the stipulation, appealed the order to a Travis County district court. The district court affirmed. OPUC appealed again, but the court of appeals affirmed the judgment of the district court without considering the merits of OPUC's appeal because OPUC had not timely filed the statement of facts. 859 S.W.2d 71; TEX.R.APP.P. 54(a).

On September 18, 1992, OPUC timely requested preparation and transmission of the statement of facts "which should include ... the complete record of the proceeding conducted by the Public Utility Commission of Texas and entered into the District Court record as Plaintiff['s] Exhibit No. 1." OPUC timely filed the transcript with the court of appeals, including "all original exhibits with [the trial court]," pursuant to a *sua sponte* trial court order of August 31, 1992.[1] The clerk of the court of appeals filed the administrative record on November 5, 1992. *Office of Public Util. Counsel v. Public Util. Comm'n,* 859 S.W.2d 71, 72 (Tex.App.—Austin 1993) (same case). When OPUC realized,

in February, 1993, that the statement of facts had not been filed, it moved for an extension of time to file the statement of facts. Because OPUC did not timely file its motion, however, the court of appeals overruled it. TEX.R.APP.P. 54(a); *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860, 862 (Tex. 1982). Moreover, without a statement of facts, the court of appeals held that it could not verify that the trial court had admitted the administrative record into evidence.[2] *See* TEX.GOV'T CODE ANN. § 2001.175(d) (Vernon Supp.1994) (formerly Administrative Procedure and Texas Record Act, TEX.REV.CIV. STAT. art. 6252–13a, § 19(d)(3)).

■ Although TEX.R.APP.P. 54(a) precludes a court of appeals from considering a late-filed statement of facts, *see id.* ("[the court] shall have no authority to consider a late filed transcript or statement of facts"), it does not require the court to affirm the judgment appealed from as a matter of course. For example, the court of appeals may exercise other remedies, such as "disregarding materials filed, or applying presumptions against the appellant." TEX.R.APP.P. 54(a); *see Day v. State Bar,* 821 S.W.2d 172, 174 (Tex.App.—Eastland 1991, writ denied).

■ The record on appeal consists of "a transcript and, *where necessary to the appeal,* a statement of facts." TEX.R.APP.P. 50(a) (emphasis added). The court of appeals is obligated to "address every issue raised and necessary to final disposition of the appeal," TEX.R.APP.P. 90(a), and resolution of some issues will not necessarily re-

---

1. The trial court has the authority under TEX. R.APP.P. 51(d) to transmit original exhibits to the court of appeals "when [it] is of the opinion that original papers or exhibits should be inspected by the appellate court or sent to the appellate court in lieu of copies." The appellate court "of its own initiative" may direct the clerk of the trial court "to send it any original paper or exhibit for inspection." *Id.* The trial court order in the present case does not contain a list of original exhibits in numerical order with a brief identifying description of each, but only the notation that "all original exhibits" be included in the record.

2. In an opinion issued the same day as the opinion involved in this appeal, one of the justices of the Austin Court of Appeals dissented from the court's decision to reject an administrative ap-

peal based upon the same procedural grounds. *Commerce Indep. Sch. Dist. v. Texas Educ. Agency,* 859 S.W.2d 627, 629 (Tex.App.—Austin 1993, writ dism'd) (Powers, J., dissenting). Justice Powers argued in his dissent that APA § 2001.-175(d) is not the exclusive vehicle for bringing the agency record forward on appeal, *id.* at 632–33, and that the Austin Court of Appeals is not precluded from reviewing an administrative appeal on the merits for the sole reason that the statement of facts has not been timely filed. *Id.* at 634–35. OPUC has not raised a point of error directed at Justice Powers's arguments in favor of overruling *Snead v. Texas State Bd. of Medical Exams.,* 753 S.W.2d 809, 810 (Tex.App.—Austin 1988, no writ), and other cases that would impose a mandatory dismissal rule. Therefore, we do not reach this issue.

quire a statement of facts.[3] While a court of appeals generally cannot determine whether an agency finding is supported by "substantial evidence" without reviewing the administrative record, *see* Tex.Gov't Code Ann. § 2001.174(2)(E) (Vernon Supp.1994), this does not preclude the court from addressing issues, such as those involving legal error, the determination of which would not require a statement of facts. *Segrest v. Segrest,* 649 S.W.2d 610, 611 (Tex.1983), *cert. denied,* 464 U.S. 894, 104 S.Ct. 242, 78 L.Ed.2d 232 (1983) ("[The requirement of a statement of facts] applies to issues which require reference to the evidence and not to matters which are strictly questions of law."); *Day,* 821 S.W.2d at 174.

 The court of appeals also erred by refusing to take judicial notice of the published order of the PUC. To be the proper subject of judicial notice, a fact must be "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Tex.R.Civ.Evid. 201(b)(2). Judicial notice is mandatory if "requested by a party and [the court is] supplied with the necessary information." Tex.R.Civ.Evid. 201(d). A court of appeals has the power to take judicial notice for the first time on appeal. *See Langdale v. Villamil,* 813 S.W.2d 187, 189–90 (Tex.App.—Houston [14th Dist.] 1991, no writ); *City of Dallas v. Moreau,* 718 S.W.2d 776, 781 (Tex. App.—Corpus Christi 1986, writ ref'd n.r.e.). In its motion to take judicial notice, OPUC directed the court's attention to the PUC's order, published at 17 Tex.P.U.C.Bull. 3063–3423, which the trial court affirmed in its entirety. The authenticity and contents of the PUC ratemaking order are capable of accurate and ready determination by resort to a published record whose accuracy cannot reasonably be questioned.

Among other legal issues OPUC argues it has raised on appeal are the PUC's treatment of deferred charges under section 41(a) of the Public Utility Regulatory Act ("PURA"), Tex.Rev.Civ.Stat.Ann. art. 1446c, § 41(a) (Vernon Supp.1994), and the PUC's calculation of HL & P's federal income tax expense using methods that violate PURA §§ 41(c)(2), (3), and *Public Util. Comm'n v. Houston Lighting & Power Co.,* 748 S.W.2d 439 (Tex.1987). Even if issues such as these could not have been resolved without the statement of facts, the court of appeals should have explained why this was so. We hold the court of appeals erred by affirming the trial court judgment without determining which issues it could resolve absent a statement of facts and resolving every such issue OPUC raised. Pursuant to Rule 170, Tex. R.App.P., a majority of the court, without hearing oral argument, reverses the judgment of the court of appeals and remands this cause to that court for further proceedings consistent with this opinion.

---

**3.** The agency order in this case contains 257 findings of fact and 33 conclusions of law. The final judgment of the trial court states, "After considering the evidence and hearing the arguments of counsel, the Court finds that the Commission's order should be affirmed." However, respondent HL & P argues that the commission's order is not subject to review unless (1) it was presented to the trial court as part of the agency record in accordance with APA § 2001.175(d), and (2) the statement of facts reflects this fact for the benefit of the court of appeals. This argument, of course, assumes that APA § 2001.175(d) is the exclusive means of transmitting both the administrative record and the final agency decision to the trial court. *See Commerce Indep. Sch. Dist.,* 859 S.W.2d at 629 (Powers, J., dissenting).

In contrast, the PUC concedes that the issue of whether the commission order is necessarily a part of the administrative record remains "an unsettled question of law." Section 2001.175(b) of the APA requires "the agency [to] send to the reviewing court ... the entire record of the proceeding under review," and states that "the record shall be filed with the clerk of the court," but does not explain whether the order appealed from may only be transmitted as part of the administrative record. Elsewhere, in section 2001.060, the APA defines "the record in a contested case" to include seven items or types of items, none of which include the final decision or order of the agency. *See also* APA § 2001.141 (describing the form of an order or decision that may become final). Given our disposition of this case, we are not required today to determine whether, in an administrative appeal of an unpublished agency decision, the exclusive method of transmitting the final order of the agency is as a part of the administrative record.