# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-06-00117-CV

**Stan Hunt, Appellant**

**v.**

**Amalia Rodriguez-Mendoza, Travis County District Clerk, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
## NO. GN501768, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Stan Hunt appeals from the district court's dismissal of his lawsuit against Travis County District Clerk Amalia Rodriguez-Mendoza for failure to comply with chapter 14 of the civil practice and remedies code, which governs inmate litigation. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (West 2002). In four issues on appeal, Hunt claims that he was denied his right to a hearing on the dismissal, alleges that the district court interfered with his compliance with the statute, asserts that the district court abused its discretion in ordering the dismissal, and contends that his case should not have been dismissed with prejudice. We reform the judgment to reflect that the dismissal was without prejudice. As reformed, we affirm.

## BACKGROUND

Hunt is an inmate confined in the Institutional Division of the Texas Department of Criminal Justice. In May 2005, Hunt filed suit against Rodriguez-Mendoza, primarily alleging that he was being denied access to court records maintained by the Travis County District Clerk's Office.

Hunt filed with his petition an affidavit of his inability to pay court costs and a request for leave to proceed in forma pauperis.

Chapter 14 of the civil practice and remedies code applies to a suit brought by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate. *See id*. § 14.002(a). In accordance with section 14.004(a), Hunt filed a "Declaration of Previous Litigation," in which he listed 42 previously filed lawsuits. *See id*. § 14.004(a) (West 2002). Pursuant to section 14.006(f), Hunt was also required to file a certified copy of "the inmate's trust account statement." *See id*. §§ 14.004(c), .006(f) (West 2002). The statement is required because money is withdrawn from the inmate's trust account in order to pay for court fees, court costs, and other costs, and the statement indicates the amount that is available to be withdrawn. *See id*. § 14.006(a), (e), (f). However, the record does not reflect that Hunt filed such a statement.

On November 14, 2005, Rodriguez-Mendoza filed a motion to dismiss the suit, alleging that Hunt failed to comply with the requirements of chapter 14. Specifically, Rodriguez-Mendoza claimed that Hunt neglected to mention that one of his previous lawsuits had been dismissed as frivolous, *see id*. § 14.004(a)(2)(D) (requiring that inmate "describe[] each suit that was previously brought by . . . stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise."), and that Hunt failed to file a certified copy of his trust account statement. *See id*. § 14.004(c) ("The affidavit or unsworn declaration [of inability to pay costs] must be accompanied by the certified copy of the trust account statement required by Section 14.006(f).").

2

A hearing on the motion to dismiss was set for December 2, 2005. On that date, the district court granted the motion to dismiss. The district court's order specified that the dismissal was "with prejudice." Three days later, on December 5, Hunt filed a response to the motion to dismiss and a "Motion for Telephone Conference Hearing on Defendant's Motion to Dismiss." The motion was overruled by operation of law. This appeal followed.

## DISCUSSION

**Right to hearing**

In his first issue, Hunt asserts that the district court abused its discretion by "implicitly denying" his "timely request to appear by telephone conference at the scheduled dismissal hearing." We first note that there was nothing "timely" about Hunt's request. The motion to dismiss was filed on November 14, 2005. On November 22, the district court notified the parties that a hearing on the motion was set for December 2. Hunt's motion to appear at the hearing by telephone conference was not filed until December 5.

Furthermore, in lawsuits filed under chapter 14, the district court's decision to hold a hearing prior to dismissal is discretionary. *See id*. § 14.003(c) ("In determining whether [to dismiss a claim], the court *may* hold a hearing." (emphasis added)); *Thomas v. Wichita Gen. Hosp.*, 952 S.W.2d 936, 938 (Tex. App.—Fort Worth 1997, pet. denied). No abuse of discretion is shown when the inmate does not demonstrate that there is evidence that he would have presented at the hearing. *See Hall v. Treon*, 39 S.W.3d 722, 724 (Tex. App.—Beaumont 2001, no pet.); *Thomas*, 952 S.W.2d at 938. In his "Motion for Telephone Conference Hearing," Hunt failed to demonstrate that he had specific evidence to present of compliance with chapter 14. On this record we hold that

3

the district court did not abuse its discretion in denying Hunt's motion to appear at the hearing by telephone conference. We overrule Hunt's first issue.

**The district court's alleged interference**

In his second issue, Hunt alleges that the district court prevented him from complying with chapter 14. Specifically, Hunt asserts that he sent a copy of his inmate trust account statement to various district court officials both before and after the filing of his current lawsuit, but that these officials refused to file the statement. Other than conclusory allegations that are not supported by the record, Hunt references no evidence that would support this claim. Because we find no support for this assertion in the record, we overrule Hunt's second issue.

**Dismissal for failure to comply with chapter 14**

In his third issue, Hunt asserts that the district court abused its discretion in dismissing his lawsuit. The trial court has broad discretion to dismiss a suit brought pursuant to chapter 14, and we review that dismissal under an abuse of discretion standard. *White v. State*, 37 S.W.3d 562, 563 (Tex. App.—Beaumont 2001, no pet.); *McCollum v. Mt. Ararat Baptist Church*, 980 S.W.2d 535, 536 (Tex. App.—Houston [14th Dist.] 1998, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985). A clear failure by the trial court to analyze or apply the law correctly also constitutes an abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

4

In her motion to dismiss, Rodriguez-Mendoza alleged two independent grounds on which the district court could have based its dismissal. First, Rodriguez-Mendoza alleged that Hunt omitted information stating that one of his previous lawsuits had been dismissed as frivolous. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a)(2)(D). Second, Rodriguez-Mendoza alleged that Hunt failed to file a certified copy of his inmate trust account statement. *See id*. §§ 14.004(c), .006(f). We need not consider the former contention, because we conclude that the district court did not abuse its discretion in finding that Hunt failed to file a certified copy of his inmate trust account statement. A copy of the statement does not appear anywhere in the record and, as we discussed earlier, there is no evidence in the record that the district court interfered with Hunt's alleged attempts to file the statement. The district court does not abuse its discretion in dismissing a suit for failure to comply with the procedural requirements of chapter 14. *See Scott v. Gallagher*, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Williams v. Brown*, 33 S.W.3d 410, 412 (Tex. App.—Houston [1st Dist.] 2000, no pet.). We overrule Hunt's third issue.

**Prejudice**

In his fourth issue, Hunt contends that the district court erred in dismissing his case with prejudice. Dismissal with prejudice functions as a final determination on the merits of a case. *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991); *Barcroft v. County of Fannin*, 118 S.W.3d 922, 927 (Tex. App.—Texarkana 2003, pet. denied). A dismissal for failure to comply with the rules governing the filing of suits brought pursuant to chapter 14 is not a ruling on the merits. *Hughes v. Massey*, 65 S.W.3d 743, 746 (Tex. App.—Beaumont 2001, no pet.). Therefore, the dismissal in this case should have been without prejudice. *Lentworth v. Trahan*,

5

981 S.W.2d 720, 723 (Tex. App.—Houston [1st Dist.] 1998, no pet.). We sustain Hunt's fourth issue.

## CONCLUSION

We overrule Hunt's first, second, and third issues and sustain his fourth issue.[1] Accordingly, we reform the judgment to provide that the cause is dismissed without prejudice. As reformed, the judgment of the district court is affirmed.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Reformed and, as Reformed, Affirmed

Filed: July 11, 2007

---

[1] Subsequent to the filing of this appeal, Hunt filed with this Court a "Motion to Take Judicial Notice." In the motion, Hunt lists various rules, statutes, cases, and alleged facts related to this proceeding and Hunt's previous lawsuits and asks this Court to take "judicial notice" of these items. An appellate court's decision to take judicial notice of a fact on appeal is generally discretionary. *Tran v. Fiorenza*, 934 S.W.2d 740, 742-43 (Tex. App.—Houston [1st Dist.] 1996, no writ); *Martinez v. City of San Antonio,* 768 S.W.2d 911, 914-15 (Tex. App.—San Antonio 1989, no writ) (citing Wellborn, *Judicial Notice Under Article II of the Texas Rules of Evidence*, 19 St. Mary's L.J. 1, 20 (1987)). To be the proper subject of judicial notice, a fact must be one not subject to reasonable dispute and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Office of Pub. Util. Counsel v. Public Util. Comm'n*, 878 S.W.2d 598, 600 (Tex. 1994) (quoting Tex. R. Evid. 201(b)). Furthermore, the requesting party must supply the court with the necessary information. *Id*. (quoting Tex. R. Evid. 201(d)). We have considered the items in Hunt's motion and determined that: (1) many of the items are not the proper subject of judicial notice; (2) other items contain either incomplete or inaccurate information; and (3) none of the items affect our resolution of the specific issues Hunt raised on appeal. Accordingly, we exercise our discretion and deny Hunt's motion.