COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:   E. Pierce Marshall, Individually, as will proponent, as co-trustee of the Marshall Grandchildren's Trust for the Benefit of E. Pierce Marshall, Jr., as co-trustee of the Marshall Grandchildren's Trust for the Benefit of Preston Marshall, as trustee of the Marshall Petroleum, Inc. Stockholding Trust, as trustee of the Marshall Museum and Library Trust, as trustee of the Bettye B. Marshall Living Trust, as trustee of the J. Howard Marshall, II, Marital Trust Number Two, and as trustee of the E. Pierce Marshall Family Trust created under the Bettye B. Marshall Living Trust Indenture dated October 30, 1990; Elaine Marshall, Individually, as co-trustee of the Marshall Grandchildren's Trust for the benefit of E. Pierce Marshall, Jr., and as co-trustee of the Marshall Grandchildren's Trust for the Benefit of Preston Marshall; E. Pierce Marshall, Jr.; Preston Marshall; Marshall Petroleum, Inc.; Trof, Inc.; Finley Hilliard, individually, as trustee of the J. Howard Marshall, II, Living Trust, as trustee of the Marshall Petroleum, Inc. Stock Holding Trust, as trustee of the Grantor Retained Annuity Trust, as trustee of the J. Howard Marshall Charitable Lead Trust, as trustee of the J. Howard Marshall, II, Liquidating Trust Number Two, and as trustee of the J. Howard Marshall, II, Family Trust; Ken Farrar, as trustee of the J. Howard Marshall, II, Living Trust, as trustee of the J. Howard Marshall, II, Liquidating Trust Number One, and as trustee of the J. Howard Marshall, II, Family Trust; and Dr. Stephen Cook, as trustee of the Marshall Museum and Library Trust v. J. Howard Marshall, III; Vickie Lynn Marshall; Harvey Sorensen; and Foulston & Siefkin, L.L.P.

**\*\*\*\***

1

Foulston & Siefkin, L.L.P. and Harvey Sorensen v. J. Howard Marshall, III

****

J. Howard Marshall, III v. E. Pierce Marshall, Individually, as will proponent, as co-trustee of the Marshall Grandchildren's Trust for the Benefit of E. Pierce Marshall, Jr., as co-trustee of the Marshall Grandchildren's Trust for the Benefit of Preston Marshall, as trustee of the Marshall Petroleum, Inc. Stockholding Trust, as trustee of the Marshall Museum and Library Trust, as trustee of the Bettye B. Marshall Living Trust, as trustee of the J. Howard Marshall, II, Marital Trust Number Two, and as trustee of the E. Pierce Marshall Family Trust created under the Bettye B. Marshall Living Trust Indenture dated October 30, 1990; Elaine Marshall, Individually, as co-trustee of the Marshall Grandchildren's Trust for the benefit of E. Pierce Marshall, Jr., and as co-trustee of the Marshall Grandchildren's Trust for the Benefit of Preston Marshall; E. Pierce Marshall, Jr.; Preston Marshall; Marshall Petroleum, Inc.; Trof, Inc.; Finley Hilliard, individually, as trustee of the J. Howard Marshall, II, Living Trust, as trustee of the Marshall Petroleum, Inc. Stock Holding Trust, as trustee of the Grantor Retained Annuity Trust, as trustee of the J. Howard Marshall Charitable Lead Trust, as trustee of the J. Howard Marshall, II, Liquidating Trust Number Two, and as trustee of the J. Howard Marshall, II, Family Trust; Ken Farrar, as trustee of the J. Howard Marshall, II, Living Trust, as trustee of the J. Howard Marshall, II, Liquidating Trust Number One, and as trustee of the J. Howard Marshall, II, Family Trust; Harvey Sorensen; Foulston & Siefkin, L.L.P.; Dr. Stephen Cook, as trustee of the Marshall Museum and Library Trust; Charles Koch; Don Cordes; and Koch Industries, Inc.

****

Vickie Lynn Marshall v. E. Pierce Marshall, as will proponent, Individually, as co-trustee of the Marshall Grandchildren's Trust for the Benefit of E. Pierce Marshall, Jr., as co-trustee of the Marshall Grandchildren's Trust for the Benefit of Preston Marshall, as trustee of the Marshall Petroleum, Inc. Stockholding Trust, as trustee of the Marshall Museum and Library Trust, as trustee of the Bettye B. Marshall Living Trust, as trustee of the J.

2

Howard Marshall, II, Marital Trust Number Two, and as trustee of the E. Pierce Marshall Family Trust created under the Bettye B. Marshall Living Trust Indenture dated October 30, 1990; Elaine Marshall, Individually, as co-trustee of the Marshall Grandchildren's Trust for the benefit of E. Pierce Marshall, Jr., and as co-trustee of the Marshall Grandchildren's Trust for the Benefit of Preston Marshall; E. Pierce Marshall, Jr.; Preston Marshall; Marshall Petroleum, Inc.; Trof, Inc.; Finley Hilliard, individually, as trustee of the J. Howard Marshall, II, Living Trust, as trustee of the Marshall Petroleum, Inc. Stock Holding Trust, as trustee of the Grantor Retained Annuity Trust, as trustee of the J. Howard Marshall Charitable Lead Trust, as trustee of the J. Howard Marshall, II, Liquidating Trust Number Two, and as trustee of the J. Howard Marshall, II, Family Trust; Ken Farrar, as trustee of the J. Howard Marshall, II, Living Trust, as trustee of the J. Howard Marshall, II, Liquidating Trust Number One, and as trustee of the J. Howard Marshall, II, Family Trust; Harvey Sorensen; Foulston & Siefkin, L.L.P.; and Dr. Stephen Cook, as trustee of the Marshall Museum and Library Trust

Appellate case number: 01-02-00114-CV

Trial court number:     276,815-402

Trial court:            Probate Court No. 2 of Harris County

On August 15, 2002, we abated this appeal pursuant to a notice of bankruptcy stating that J. Howard Marshall, III had filed for bankruptcy protection. *See* 11 U.S.C.S. § 362(a)(1) (LexisNexis 2009); TEX. R. APP. P. 8.1, 8.2. On January 31, 2014, J. Howard Marshall, III filed a "Motion to Lift Bankruptcy Stay and Motion for Scheduling Conference," stating that the bankruptcy court had closed the bankruptcy case and requesting that we "issue an order lifting the stay in this case." J. Howard Marshall, III attached an order of the United States Bankruptcy Court for the Central District of California, dated January 6, 2014, to his motion, reflecting that J. Howard Marshall, III's bankruptcy case "is hereby closed."[1] Accordingly, to the extent that J. Howard Marshall,

---

[1] The motion does not include a certified copy of the federal court's order as required by Texas Rule of Appellate Procedure 8.3(a). Nevertheless, we take judicial notice of the United States Bankruptcy Court's order closing the bankruptcy case, which is capable of accurate and ready determination through the federal court's PACER service. *See* TEX. R. EVID. 201; *Office of Pub. Util. Counsel v. Pub. Util. Com'n of Tex.*, 878 S.W.2d 598, 600 (Tex. 1994).

III moves for an order lifting the bankruptcy stay in this case, we **grant** the motion and **reinstate** this case on the Court's active docket. *See* 11 U.S.C. § 362(c)(2)(A).

In the same motion, J. Howard Marshall, III further moves the Court to "set a date for a scheduling and status conference, at which the Court will determine the future deadlines in the case." In support of this request, J. Howard Marshall, III argues that the bankruptcy proceedings discharged parts of the judgment on appeal, that "it is unclear . . . whether [Vickie Lynn Marshall's] estate will continue to pursue her will contest," that Vickie Lynn Marshall and E. Pierce Marshall have passed away and "several of the other entities will necessarily have new trustees or representatives," thereby necessitating "time to ensure that all parties to the judgment have been apprised that the appeal is going forward," that counsel of record may have changed, that there is a dispute regarding who bears the burden of paying for the reporter's record, that "it is unclear to [J. Howard Marshall, III's] counsel whether the clerk's record is presently complete," and that a scheduling conference would be an appropriate place to discuss whether mediation is appropriate for this case.

To the extent the bankruptcy court proceedings discharged portions of the trial court's judgment in this case, we will review the trial court's judgment in light of the bankruptcy court's judgment. Further, if the executor of Vickie Lynn Marshall's estate determines that it would be in the estate's best interest to discontinue pursuit of her appeal, the executor may notify this Court and the respective parties. Moreover, if her estate elects to pursue her appeal, it will be required to abide by the briefing schedule ordered by this Court. *See* TEX. R. APP. P. 38.6(a), (d), 38.8(a), 42.3(c).

To the extent the parties or attorneys on appeal have changed, it is the parties' and counsels' responsibility to notify the Court of any such changes. *See* TEX. R. APP. P. 6.1, 6.2, 6.5, 7.1(a)(1), (b). Further, we **order** the parties to file motions for substitution of the parties as necessary and appropriate, which shall include motions to substitute the current trustees in lieu of E. Pierce Marshall for each entity on whose behalf E. Pierce Marshall filed a notice of appeal.[2] *See* TEX. R. APP. P. 7.1(b).

The record in this appeal was originally due on April 8, 2002. *See* TEX. R. APP. P. 35.1(a). The clerk's record, consisting of 41 volumes, was filed on June 17, 2002. If any counsel believes that a relevant item has been omitted from the clerk's record, counsel may direct the trial court clerk to prepare, certify, and file a supplemental clerk's record containing any such item or items, and the supplemental clerk's record will be made part

---

[2]     These entities include: the Marshall Grandchildren's Trust for the Benefit of E. Pierce Marshall, Jr., the Marshall Grandchildren's Trust for the Benefit of Preston Marshall, the Marshall Petroleum, Inc. Stockholding Trust, the Marshall Museum and Library Trust, the Bettye B. Marshall Living Trust, the J. Howard Marshall, II, Marital Trust Number Two, and the E. Pierce Marshall Family Trust created under the Bettye B. Marshall Living Trust Indenture dated October 30, 1990.

of the record in this appeal. *See* TEX. R. APP. P. 34.5(b)(4), (c)(1), (3). Because the clerk's record was originally filed more than 11 years ago, however, the filing of any supplemental clerk's record will not be grounds for an extension of time to file any party's brief in this case. *See* TEX. R. APP. P. 34.5(b)(1) ("At any time before the clerk's record is prepared, any party may file" designation of items to be included in record); 38.6(a) (setting deadline for filing appellant's brief based on filing of clerk's record).

Further, on March 18, 2002, the court reporter informed the Court that, although several parties had expressed interest in the record and requested estimates, no party had actually requested or paid for the reporter's record. The reporter also informed the Court that the record would contain "approximately 30,000 pages of trial testimony, bench and chambers conferences, and hearings, and thousands of pages of exhibits." All appellants are jointly and severally liable for the costs to prepare the reporter's record. *See* TEX. R. APP. P. 34.6(b)(1), (c)(1), (3), 35.3(b)(2), (3), 37.3(c)(2). The Court therefore **orders** the appellants to provide written evidence from the court reporter showing that one or more appellant has paid or made arrangements to pay the reporter's fee for preparing the reporter's record within 30 days of the date of this Order, or the Court will consider and decide this appeal on those points or issues that do not require a reporter's record for a decision.[3] *See* TEX. R. APP. P. 37.3(c); *see also* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. … The appellate court may enter any order necessary to ensure the timely filing of the appellate record.").

The brief of appellants E. Pierce Marshall, Individually, as will proponent, as co-trustee of the Marshall Grandchildren's Trust for the Benefit of E. Pierce Marshall, Jr., as co-trustee of the Marshall Grandchildren's Trust for the Benefit of Preston Marshall, as trustee of the Marshall Petroleum, Inc. Stockholding Trust, as trustee of the Marshall Museum and Library Trust, as trustee of the Bettye B. Marshall Living Trust, as trustee of the J. Howard Marshall, II, Marital Trust Number Two, and as trustee of the E. Pierce Marshall Family Trust created under the Bettye B. Marshall Living Trust Indenture dated October 30, 1990; Elaine Marshall, Individually, as co-trustee of the Marshall Grandchildren's Trust for the benefit of E. Pierce Marshall, Jr., and as co-trustee of the Marshall Grandchildren's Trust for the Benefit of Preston Marshall; E. Pierce Marshall, Jr.; Preston Marshall; Marshall Petroleum, Inc.; Trof, Inc.; Finley Hilliard, individually, as trustee of the J. Howard Marshall, II, Living Trust, as trustee of the Marshall Petroleum, Inc. Stock Holding Trust, as trustee of the Grantor Retained Annuity Trust, as

---

[3] Because all of the appellants are jointly and severally liable for payment for the reporter's record, we will not grant any extensions of time for providing evidence of the payment of the court reporter's fee for preparing the record, nor will we consider motions for allocation of costs of the reporter's record. *See* TEX. R. APP. P. 34.6(b)(1), (c)(1), (3), 35.3(b)(2), (3), 37.3(c)(2).

trustee of the J. Howard Marshall Charitable Lead Trust, as trustee of the J. Howard Marshall, II, Liquidating Trust Number Two, and as trustee of the J. Howard Marshall, II, Family Trust; Ken Farrar, as trustee of the J. Howard Marshall, II, Living Trust, as trustee of the J. Howard Marshall, II, Liquidating Trust Number One, and as trustee of the J. Howard Marshall, II, Family Trust; and Dr. Stephen Cook, as trustee of the Marshall Museum and Library Trust shall be filed within 30 days after the complete record is filed. *See* TEX. R. APP. P. 38.6(a).

The appellant's brief of Foulston & Siefkin, L.L.P. and Harvey Sorensen will be due within 30 days of the filing of the appellants' brief by E. Pierce Marshall et al. *See* TEX. R. APP. P. 38.6(a).

J. Howard Marshall, III's appellant's and response briefs[4] and Vickie Lynn Marshall's appellant's and response briefs[5] will be due within 30 days after the later of the date that E. Pierce Marshall et al.'s appellants' brief is filed or the date that Foulston & Siefkin, L.L.P. and Harvey Sorensen's appellants' brief is filed. *See* TEX. R. APP. P. 38.6(b).

The appellees' brief of E. Pierce Marshall et al., the appellees' brief of Foulston & Siefkin, L.L.P. and Harvey Sorensen, and the appellees' brief of Charles Koch, Don Cordes, and Koch Industries, Inc., if any, will be due within 30 days after the later of the date that J. Howard Marshall, III's appellant's brief is filed or the date that Vickie Lynn Marshall's appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

Finally, if the Court, on its own motion or on motion of any party, determines that this case is appropriate for referral to mediation, the Court will inform the parties of such determination. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.021, 154.022(a), 154.023 (West 2011).

Accordingly, we **deny** J. Howard Marshall, III's request to set a date for a scheduling conference.

It is so ORDERED.

Judge's signature: /s/ <u>Chief Justice Sherry Radack</u>
☒Acting individually ☐ Acting for the Court

Date: March 13, 2014

---

[4] We order J. Howard Marshall, III to file two separate briefs, one appellant's brief and one response brief, rather than a combined brief.

[5] We order Vickie Lynn Marshall to file two separate briefs, one appellant's brief and one response brief, rather than a combined brief.