In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-20-00130-CR
_____

DAVID WEATHERSPOON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 1A District Court
Tyler County, Texas
Trial Cause No. 13,226

MEMORANDUM OPINION

In this appeal, we need only decide whether the appellant, David Weatherspoon, complied with the rule of error preservation, which requires that parties first raise the complaint in the trial court before

1

they may later complain about the error in an appeal.[1] Because we conclude Weatherspoon failed to comply with that rule, we will affirm.

## Background

In a single issue, Weatherspoon argues the trial court abused its discretion when, in January 2020, it appointed an attorney pro tem to prosecute him in Trial Court Cause Number 13,226. Weatherspoon argues the trial court's appointment of the attorney pro tem violated the separation of powers clause, Article II, section 1 of the Texas Constitution.[2]

Article II, section 1 provides:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: those which are Legislative to one, those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.[3]

---

[1]Tex. R. App. P. 33.1. (requiting that parties generally make their complaint known when in the trial court through a timely request, objection or motion and obtain a ruling on the request as a prerequisite to presenting the complaint for appellate review).

[2]Tex. Const. art. II, § 1.

[3]*Id.*

Turning to the record, it shows that in June 2018 and August 2018, the interim District Attorney of Tyler County, Anne Pickle, deputized two assistants to act as assistant district attorneys, Nick Moutos and Ekua Assabill, authorizing each to perform any and all acts of the District Attorney's Office in Trial Court Cause Number 13,226.[4] In November 2019, Lucas Babin, who was by then the duly elected District Attorney of Tyler County, re-deputized Moutos as an assistant district attorney in the case. That said, there is nothing in the record to indicate that Babin terminated Assabill's authority to act as another assistant based on her appointment by Pickle in 2018. Even so, in January 2020, the record shows that Assabill signed an oath of office stating that she would "faithfully execute the duties of the office of CRIMINAL DISTRICT ATTORNEY PRO TEM of the State of Texas[.]" Although we have no

---

[4]While not in the record, we are aware of and judicially notice that the elected District Attorney of Tyler County was removed from office in 2018 and that after that happened, Pickle became the interim DA. https://www.12newsnow.com/article/news/local/tyler-county-da-removed-from-office/502-587254455 (last checked August 19, 2022); S*ee Office of Pub. Util. Counsel v. Pub. Util. Comm'n of Tex.*, 878 S.W.2d 598, 600 (Tex. 1994) ("A court of appeals has the power to take judicial notice for the first time on appeal."); *see also* Tex. R. Evid. 201(b) (allowing a court to judicially notice a fact that is not subject to reasonable dispute).

3

reporter's record showing that Assabill appeared in court and that the trial court appointed her attorney pro tem or even acknowledged her purported role as attorney pro tem, we note the record does contain a typed entry on the trial court's docket sheet, dated January 17, which states: "OATH OF OFFICE (EKUA ASSABILL)/AC[.] Even so, the initials "AC," which are typed next to the entry "Oath of Office," are not the initials of the District Judge who presided over Trial Court Cause Number 13,226. Instead, the initials "AC" appear to be those of a clerk.

In March 2020, the trial court called the case against Weatherspoon to trial. Moutos and Assabill appeared and prosecuted the case based on the authority delegated to them by the interim and elected District Attorneys of Tyler County. On appeal, Weatherspoon argues that the trial court erred in appointing Assabill to act as an attorney pro tem in his case because she did not meet the conditions required of that office under article 2.07(a) of the Texas Code of Criminal Procedure.[5] Under article 2.07, a trial court is authorized to appoint an attorney pro tem whenever "an attorney for the State is disqualified to act in any case or proceeding, is absent from the county or district, or is otherwise unable

---

[5]*See* Tex. Code Crim. Proc. Ann. art. 2.07(a).

4

to perform the duties of the attorney's office, or in any instance where there is no attorney for the state[.]"[6] Because Weatherspoon claims that none of these requirements were met, he concludes the trial court's appointment of Assabill as an attorney pro tem constructively removed Babin as the elected District Attorney and affected his substantial rights under the separation of powers clause, and he claims he is entitled to a ruling from this Court vacating the judgment of conviction and ordering the case dismissed since we must, he says, presume he was harmed.

Analysis

On this record, it's not clear that an attorney pro tem even participated in Weatherspoon's prosecution. The record contains no motion seeking a recusal of Babin as the District Attorney in Trial Court Cause Number 13,226, no order by the District Court approving Babin's recusal, and no order by the District Court appointing Assabill to act as attorney pro tem in the case. Based on what is in the record before us, it appears Assabill acted at all times in Weatherspoon's case under her appointment as an assistant special prosecutor, first by interim District Attorney Pickle, and then by elected District Attorney Lucas Babin since

---

[6]*Id.*

nothing appears in the record to show that he withdrew the permission Pickle extended allowing Assabill to participate as an assistant special prosecutor in Weatherspoon's case.

Even if Assabill prosecuted Weatherspoon after the trial court's purported appointment of her to the office of attorney pro tem (which we doubt), Weatherspoon failed to preserve his complaint that Assabill did not qualify for that office under article 2.07 because he failed to raise his complaint with the trial court and obtain a ruling on his complaint when the trial court could have possibly corrected any procedural deficiency with her appointment.[7] Citing *Marin v. State,* Weatherspoon claims he was not required to bring the alleged error to the trial court's attention, and he suggests the trial court's purported error appointing Assabill as attorney pro tem may be reached by the Court despite his lack of objection because the trial court's error amounts to "the denial of absolute, systemic requirements which def[ies] a harm analysis."

We disagree. Almost every right—whether constitutional or statutory—is waivable unless the party objects, moves for relief, or

_____

[7]Tex. R. App. P. 33.1.

requests relief the record shows the court below denied.[8] Even so, the general rule requiring error to be preserved in the trial court is subject to two relatively small exceptions, as follows: "violations of 'rights which are waivable only' and denials of 'absolute systemic requirements.'"[9]

Waivable-only rights are "'rights of litigants which must be implemented by the system unless expressly waived.'"[10] That said, when we examine the language in article 2.07 of the Code of Criminal Procedure, we find nothing in it revealing any legislative intent to excuse a party from objecting should a court err in the procedures set out in the statute for appointing someone to act in a case as an attorney pro tem.[11] And as to absolute systemic requirements, the Court of Criminal Appeals has explained these requirements exist "only in a very limited class of cases: a total deprivation of the right to counsel, lack of an impartial trial judge, unlawful exclusion of grand jurors of defendant's race, the right to

---

[8]*Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986).

[9]*Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002) (quoting *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997)).

[10]*Mendez v. State*, 138 S.W.3d 334, 340 (Tex. Crim. App. 2004) (quoting *Marin*, 851 S.W.2d at 279)); *Saldano*, 70 S.W.3d at 888.

[11]Tex. Code Crim. Proc. Ann. art. 2.07.

self-representation at trial, the right to a public trial," and in cases where the trial court gave the jury an erroneous instruction defining the term *reasonable doubt*.[12] Those are not the types of alleged errors that Weatherspoon claims were made here.

Finally, this Court has already explained that article 2.07 is subject to the general rule of error preservation, a rule that requires the party to preserve error by making his objection known to the trial court before he will be allowed to raise it the first time in his appeal. In *Modica v. State*, we held that article 2.07 "does not appear to be the type of evidentiary or procedural rule that belongs to an accused which must be protected by the system unless expressly waived, unlike the language of the rule at issue in *Marin*."[13] So even assuming the trial court did not follow the procedures set out in article 2.07 when appointing Assabill to act as an attorney pro tem in Weatherspoon's case, by failing to object to the appointment, Weatherspoon preserved nothing for our review.[14] For all these reasons, we overrule Weatherspoon's sole issue.

---

[12]*Mendez*, 138 S.W.3d at 340.

[13]*Modica v. State*, 151 S.W.3d 716 (Tex. App.—Beaumont 2004, pet. ref'd).

[14]Tex. R. App. P. 33.1(a); *Modica*, 151 S.W.3d at 721.

## Conclusion

Having overruled Weatherspoon's issue, the trial court's judgment is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on March 23, 2022
Opinion Delivered August 31, 2022
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

9