Opinion issued August 24, 2022



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00344-CV

———————————

**RACHEL LEAL-HUDSON, Appellant**

**V.**

**JULIE KETTERMAN, Appellee**

---

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Case No. 2022-01417**

---

## MEMORANDUM OPINION

Appellant Rachel Leal-Hudson challenges the trial court's judgment ordering, inter alia, (1) that she was disqualified from being a candidate on the March 1, 2022 Republican Party primary ballot for the office of judge of the 313th District Court of Harris County, (2) that she was also disqualified from being the Republican Party

candidate for that office on the general election ballot, and (3) that any votes cast for Leal-Hudson would be void.

The Supreme Court of Texas, in an original mandamus proceeding filed by Leal-Hudson, stayed the trial court's judgment. After winning the primary election, Leal-Hudson was the Republican Party candidate for the office of judge of the 313th District Court in the November 8, 2022 general election. However, Leal-Hudson lost to her opponent in the general election.

Because the general election has occurred and Leal-Hudson lost, the case has become moot. Accordingly, we vacate the trial court's judgment and dismiss the case for want of jurisdiction.

**Background**

By early 2022, both Leal-Hudson and appellee Julie Ketterman had submitted applications to be a candidate on the Republican Party primary ballot for the office of judge of the 313th District Court. As required by the Texas Election Code, Leal-Hudson submitted a petition containing voter signatures with her application. *See* TEX. ELEC. CODE § 172.021(e).

On January 10, 2022, Ketterman filed suit against the Harris County Republican Party (HCRP) and Cindy Siegel, the party chair. Ketterman's suit centered on her allegation that, in at least seven pages of her petition, Leal-Hudson had signed an affidavit attesting that she had witnessed each signature on that page

2

and that she had read a required statement to each signer when she had actually not done so.

In addition to a temporary restraining order, Ketterman sought temporary and permanent injunctive relief. She asked the trial court "[to] restrain[] and enjoin[] Seigel and the [HCRP] from placing . . . Leal-Hudson on the Republican primary ballot or certifying her . . . for the general election ballot as the Republican nominee for the office of Harris County Judge of the 313th Judicial District Court." Ketterman had not sued Leal-Hudson, but Leal-Hudson intervened in the suit as a defendant.

On January 14, 2022, the trial court denied Ketterman's request for a temporary injunction. Ketterman filed a petition for writ of mandamus challenging the denial, which this Court denied in a non-substantive opinion. *See In re Ketterman*, No. 01-22-00041-CV, 2022 WL 278930, at *1 (Tex. App.—Houston [1st Dist.] Jan. 28, 2022, orig. proceeding) (mem. op.).

The case was tried to a jury in early February 2022. The jury found that Leal-Hudson had committed 10 separate instances of fraud when she signed certain affidavits in the petition supporting her application. Based on the jury's findings, the trial court rendered a judgment against Leal-Hudson on February 4, 2022.

The final judgment ordered as follows: (1) Leal-Hudson's application to be on the March 1, 2022 Republican Party general primary ballot for the office of judge of the 313th District Court was "void and invalid"; (2) Cindy Siegel, as HCRP chair,

3

was required to reject Leal-Hudson's application; (3) Leal-Hudson was disqualified as a candidate for the office of judge of the 313th District Court for the primary election and for any runoff election; (4) Leal-Hudson was disqualified as the Republican Party candidate for the office for the general election on November 8, 2022; (5) a permanent injunction be issued enjoining Siegel from canvassing and counting votes in favor of Leal-Hudson; (6) any votes cast and counted in favor of Leal-Hudson shall be treated as void, and (7) a permanent injunction be issued enjoining Siegel from certifying Leal-Hudson's name for the office of judge of the 313th District Court for the November 8, 2022 general election.

Leal-Hudson filed a petition for writ of mandamus in the Supreme Court of Texas. On February 10, 2022, the supreme court granted Leal-Hudson's motion for emergency relief, staying the trial court's February 4, 2022 judgment.

On February 17, 2022, Siegel and HCRP filed a direct appeal in the Supreme Court of Texas. Leal-Hudson did not file a direct appeal in the supreme court.[1]

On March 1, 2022, Leal-Hudson won the Republican Party primary election for the office of judge of the 313th District Court.[2]

---

[1]     Siegel and HCRP also filed a petition for writ of mandamus in the supreme court. Their mandamus petition and Leal-Hudson's petition remain pending.

[2]     An appellate court may take judicial notice of certain facts outside the appellate record, *see Office of Pub. Util. Counsel v. Public Util. Comm'n*, 878 S.W.2d 598, 600 (Tex. 1994), including the results of public elections, *see* TEX. R. EVID. 201(b);

On April 8, 2022, the supreme court dismissed Siegal's and HCRP's direct appeal. Siegel and HCRP did not file a notice of appeal in this Court.

Leal-Hudson had filed a timely motion for new trial. After her motion was overruled by operation of law, she filed a notice of appeal here on May 4, 2022.

Leal-Hudson requested and received two extensions of time to file her brief, which was filed on August 29, 2022. Ketterman sought two unopposed extensions of time before filing her brief on October 31, 2022. Eight days later, after the votes were counted, Leal-Hudson lost the general election to her opponent.

**Motion to Dismiss Appeal**

Ketterman has filed a motion to dismiss the appeal, asserting that Leal-Hudson's May 4 notice of appeal for the trial court's February 4 judgment was untimely. Generally, a notice of appeal is due within 30 days after the final judgment is signed. *See* TEX. R. APP. P. 26.1. If a party files a timely motion for new trial, then the notice of appeal must be filed within 90 days after the judgment is signed. *See id.* Here, Leal-Hudson filed a timely motion for new trial on March 7. *See* TEX. R. CIV. P. 329b(a); *see also* TEX. R. CIV. P. 4 (extending periods of time that fall on Saturday, Sunday, or legal holiday). Thus, under Rule 26.1, Leal-Hudson's notice of appeal was due by May 5, 2022. *See* TEX. R. APP. P. 26.1(a)(1).

---

*City of Edinburg v. Jasso*, No. 13-18-00330-CV, 2020 WL 103859, at *1 (Tex. App.—Corpus Christi–Edinburg Jan. 9, 2020, no pet.) (mem. op.).

In her dismissal motion, Ketterman acknowledged that, under Rule 26.1, Leal-Hudson's May 4 notice of appeal was timely. Nonetheless, Ketterman asserts that, under the circumstances here, Rule 26.1 was "superseded" by Rule of Appellate Procedure 57.5, which provides:

> If a direct appeal to the Supreme Court is filed, the parties to the appeal must not, while that appeal is pending, pursue an appeal to the court of appeals. But if the direct appeal is dismissed, any party may pursue any other appeal available at the time when the direct appeal was filed. The other appeal must be perfected within 15 days after dismissal of the direct appeal or the date of the Supreme Court's ruling on a timely filed motion for rehearing.

TEX. R. APP. P. 57.5.

Ketterman argues that Rule 57.5, not Rule 26.1, established the due date for Leal-Hudson's notice of appeal because "[t]he rules of statutory construction dictate that [a] specific statute (Rule 57.5) controls over a general statute (Rule 26.1)." Ketterman argues that, because the supreme court dismissed Siegel and HCRP's direct appeal on April 8, 2022, and no rehearing motion was filed, Rule 57.5 required Leal-Hudson to file her notice of appeal within 15 days of the April 8 dismissal, that is, by April 25, 2023. For that reason, Ketterman asserts Leal-Hudson's May 4 notice of appeal was untimely.

We note, however, that "the specific-controls-over-general maxim applies only when overlapping statutes cannot be reconciled." *Tex. Indus. Energy Consumers v. CenterPoint Energy Houston Elec., LLC*, 324 S.W.3d 95, 107 (Tex.

6

2010) (internal quotation marks omitted). Here, we construe Rules 26.1 and 57.5 in a way that that harmonizes them rather in a manner that causes them to conflict. In other words, Rules 26.1 and 57.5 can be reconciled. *See id.*

Rule 57.5 forbids parties from pursuing an appeal in the court of appeals while a direct appeal is pending in the supreme court. TEX. R. APP. P. 57.5. This raises the possibility that Rule 26.1's deadlines to file a regular appeal could expire while the direct appeal is pending. To preserve the parties' rights to appeal, Rule 57.5 permits the party to file a regular appeal during the 15-day period following the direct appeal's dismissal, irrespective of whether Rule 26.1's deadlines have expired. *See id.* In this regard, Rule 57.5 creates, as Leal-Hudson contends, a safe harbor that preserves the right to file a regular appeal during the post-dismissal period. This interpretation is consistent with the supreme court's directive "that appellate courts should not dismiss an appeal for a procedural defect whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal." *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997).

Here, Siegel and HCRP, who did not file a post-judgment motion, could have filed a regular appeal during the 15-day period after their direct appeal was dismissed, even though the 30-day deadline to file an appeal under Rule 26.1 had passed. *See* TEX. R. APP. P. 57.5. On the other hand, Leal-Hudson did not need to utilize Rule 57.5's safe harbor provision because she had filed a motion for new trial,

7

extending her deadline to file a regular appeal until 90 days after the judgment was signed. *See* TEX. R. APP. P. 26.1(a)(1). Leal-Hudson timely filed her notice of appeal within that 90-day period. Reading the rules in this way not only harmonizes Rules 26.1 and 57.5 but also follows the supreme court's directive to avoid dismissal based on procedural defects when the rules can be construed in a way to preserve the right of appeal. *See Verburgt*, 959 S.W.2d at 616. Accordingly, we deny Ketterman's motion to dismiss.

## Mootness

On appeal, Leal-Hudson challenges the trial court's judgment, which, as noted, contained provisions preventing Leal-Hudson from being a candidate on the primary and general election ballots and made any votes cast for Leal-Hudson void. Because—after the supreme court stayed the trial court's judgment—Leal-Hudson lost the general election to her opponent by receiving fewer votes, we must address the threshold question of mootness.

"[W]e are obligated to review *sua sponte* issues affecting jurisdiction." *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). "[S]ubject-matter jurisdiction is essential to a court's power to decide a case." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). Whether a court has subject-matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

8

This Court lacks subject-matter jurisdiction to decide a moot controversy. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). A case becomes moot when (1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the case's outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion. *Electric Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021); *see Harper*, 562 S.W.3d at 6 ("Mootness occurs when events make it impossible for the court to grant the relief requested or [to] otherwise affect the parties' rights or interests.").

"A suit may become moot at any time, including on appeal." *In re Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022). As a result, "courts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 166–67 (Tex. 2012). If a case becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction. *Id.* at 162.

The overarching controversy in this case was whether Leal-Hudson should be disqualified from being a candidate on the primary and general election ballots for the office of judge of the 313th District Court and whether any votes that she received for that office were void. While the appeal was pending, the general election

9

occurred, the votes were counted, and Leal-Hudson lost to her opponent. Because any decision by this Court on the controversy cannot have any practical legal effect on the parties' rights, the case is now moot. *See Heckman*, 369 S.W.3d at 162 ("[A] case is moot when the court's action on the merits cannot affect the parties' rights or interests."); *see also In re Uresti*, 377 S.W.3d 696, 696 (Tex. 2012) (per curiam) ("Once an election begins, a challenge to the candidacy of an individual becomes moot."). Accordingly, we lack jurisdiction to consider Leal-Hudson's challenge to the trial court's judgment.[3] *See Harper*, 562 S.W.3d at 6.

---

[3] A notice was sent to the parties informing them that the trial court's judgment may be vacated and the case dismissed unless they responded showing why the case was not moot. Neither party responded to the notice.

## Conclusion

We vacate the judgment of the trial court and dismiss the case for lack of jurisdiction. *See Heckman*, 369 S.W.3d at 162; *see also Alsobrook v. MTGLQ Inv'rs, LP*, 656 S.W.3d 394, 395 (Tex. 2022) (holding that, after case became moot on appeal, court of appeals should have vacated trial court's judgment in addition to dismissing case); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006) ("One purpose of vacating the underlying judgment if a case becomes moot during appeal is to prevent prejudice to the rights of parties when appellate review of a judgment on its merits is precluded.").

Richard Hightower
Justice

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.